HARRY L. ROCKWELL, Appellant, *v.* CITY OF SYRACUSE, Respondent, Impleaded with Others.

Argued November 22, 1939; decided December 28, 1939.

*Ralph Shulman* for appellant. Since the claim was actually subscribed and duly verified, service of a typewritten copy thereof was a substantial compliance with section 244 of the Second Class Cities Law (Cons. Laws, ch. 53). (*Magee* v. *City of Troy*, 48 Hun, 383; 119 N. Y. 640; *Soper* v. *Town of Greenwich*, 48 App. Div. 354; *Scheer* v. *Village of Perry*, 119 App. Div. 606; *Lang* v. *City of Troy*, 256 App. Div. 743; *Sheehy* v. *City of New York*, 160 N. Y. 139; *Missano* v. *Mayor*, 160 N. Y. 123; *Sweeney* v. *City of New York*, 225 N. Y. 271; *Shaw* v. *City of New York*, 83 App. Div. 212; *Halpin* v. *City of New York*, 82 App. Div. 311; *People ex rel. Kenyon* v. *Sutherland*, 81 N. Y. 1; *People* v. *Williams*, 149 N. Y. 1; *Allen* v. *Fink*, 211 App. Div. 411; *Liggett Co.* v. *Broadway-John Street Corp.*, 220 App. Div. 195; *Hood* v. *State*, 113 Misc. Rep. 404; *Manhattan Life Ins. Co.* v. *Alexander*, 89 Hun, 449; *Brooklyn City R. R. Co.* v. *City of New York*, 139 Misc. Rep. 691; *Surace* v. *Danna*, 248 N. Y. 18; *Drake* v. *Gilmore*, 52 N. Y. 389.) Since the statute does not require subscription and the claim was in fact subscribed and verified, the omission of the subscription from the notice of claim is immaterial. (*Barrett* v. *Joslynn*, 9 Misc. Rep. 407; *Clark's Cove Fertilizer Co.* v. *Stever*, 29 Misc. Rep. 571; *Hood* v. *State*, 113 Misc. Rep. 404; *Harrison* v. *Wright*, 1 N. Y. State Repr. 736; *Evans* v. *Backer*, 101 N. Y. 289; *Littauer* v. *Stern*, 177 N. Y. 233; *Hull* v. *Canandaigua Electric Light Co.*, 55 App. Div. 419; *Sullivan* v. *Harney*, 53 Misc. Rep. 249.)

*James C. Tormey, Corporation Counsel* (*George T. Driscoll* of counsel), for respondent. The notice of claim is defective in that the notices served upon the defendant-respondent were not signed by the claimant. (*Ponsrok* v. *City of Yonkers*, 254 N. Y. 91; *Matter of Passero & Sons, Inc.*, 237 App. Div. 638; *Bonny* v. *City of New York*, 156 App. Div. 287; *Krall* v. *City of New York*, 44 App. Div. 259; *Purdy* v. *City of New York*, 193 N. Y. 521; *Cotriss* v. *Medina*, 139 App. Div. 872; 206 N. Y. 713; *Dollendorf* v. *City of Buffalo*, 255 App. Div. 930; *Thomann* v. *City of Rochester*, 256 N. Y. 165.)

FINCH, J.   In an action to recover damages for personal injuries, typewritten copies only of the alleged claim were served upon the proper officials.   Claimant is directed by the statute to serve a claim signed by claimant and verified by oath, as a prerequisite to the right to sue the municipality. The receipt of such a notice obviously requires that it be met with immediate and adequate preparations for defense or perhaps compromise and settlement.   All this presumes the good faith and *bona fides* of the notice, founded as it is upon the solemnity of an oath and the consequences of false swearing.   Must the same obligations to defend result from the service of a mere typewritten copy of an alleged verified claim, for false statements as to which, if there is no original, there could be no prosecution for perjury? The statute (Second Class Cities Law [Cons. Laws, ch. 53], § 244) is clear.   " The city shall not be liable in a civil action for damages or injuries to person or property   *   *   * alleged to have been caused or sustained, in whole or in part, by or because of any omission of duty, wrongful act, fault, neglect, misfeasance or negligence on the part of the city, or any of its agents, officers or employees, unless a claim therefor in writing, verified by the oath of the claimant, containing a statement of the place of residence of the claimant, by street and number, if any, otherwise such facts as will disclose such place of residence with reasonable certainty, and describing the time when, the particular place where and the circumstances under which the damages or injuries were sustained, the cause thereof and, so far as then practicable, the nature and extent thereof, shall within three months after the happening of the accident or injury or the occurrence of the act, omission, fault or neglect out of which or on account of which the claim arose, be presented to the common council and served upon the mayor or city clerk and notice of intention to commence an action thereon be served upon the corporation counsel   *   *   *."

We may not disregard these express commands of the Legislature accompanying permission to sue a municipality.

As was said by this court in *Thomann* v. *City of Rochester* (256 N. Y. 165, 172), per CARDOZO, J.: "The Legislature has said that a particular form of notice, conveyed with particular details to particular public officers, shall be a prerequisite to the right to sue. The courts are without power to substitute something else." (See, also, *Ponsrok* v. *City of Yonkers*, 254 N. Y. 91, 95.)

The case of *People ex rel. New York City Omnibus Corp.* v. *Miller* (282 N. Y. 5), handed down herewith, is entirely different in its facts, as there there was the signature of the president of the party making the claim at the end of the petition for certiorari, and a proper verification by a notary, but not signed by the president a second time. The statute would not seem to require more than one signing and one verification. There was, therefore, a perfectly valid claim, which if necessary could be amended, whereas in the case at bar, so far as the city could tell, there was no signature and no verification of the claim, and only the service of what purported to be a copy of an original which with impunity might not exist at all. Where the statute permits the service of a copy, the direction is plain. The service of process in an action is not a true analogy, as there the original is kept for the purpose of filing in court.

The judgment of the Appellate Division should be affirmed, with costs.

CRANE, Ch. J., LEHMAN and HUBBS, JJ., concur; LOUGHRAN and RIPPEY, JJ., dissent; O'BRIEN, J., taking no part.

Judgment affirmed.