In the Matter of SAMUEL LEVINE et al., Appellants.
TOWN OF FALLSBURGH, Respondent.

Argued November 17, 1941; decided January 15, 1942.

*Ellsworth Baker* for appellants.

*Lazarus I. Levine* for respondent. The affidavit of the appellant does not suffice as a verified claim. (*Curry* v. *City of Buffalo*, 135 N. Y. 366; *Winter* v. *City of Niagara Falls*, 190 N. Y. 198; *Smith* v. *Boston & Albany R. R. Co.*, 99 App. Div. 94; 181 N. Y. 132; *Fries* v. *New York & Harlem R. R. Co.*, 169 N. Y. 270; *Rauber* v. *Village of Wellsville*, 83 App. Div. 581; *DeVore* v. *City of Auburn*, 64 App. Div. 81; *Ponsrock* v. *City of Yonkers*, 254 N. Y. 91;

*Patterson* v. *City of Brooklyn*, 6 App. Div. 127; *Cotriss* v. *Village of Medina*, 139 App. Div. 872; *Kingston* v. *M. S. Constr. Corp.*, 249 N. Y. 533; *Matter of Passero & Sons*, 261 N. Y. Supp. 661.)

LOUGHRAN, J. This is a proceeding for the appointment of commissioners of appraisal in accordance with section 197 of the Highway Law (Cons. Laws, ch. 25). The statute makes these provisions: " In any town in which a town highway shall be repaired, graded and macadamized from curb to curb by the authorities of the town the owner or owners of the land adjacent to the said highway shall be entitled to recover from the town the damages resulting from any change of grade. A person claiming damages from such change of grade must present to the town board of such town *a verified claim therefor* within sixty days after such change of grade is effected. The board may agree with such owner upon the amount of damages to be allowed him. If no agreement be made within thirty days after the presentation of the claim, the person presenting it may apply to the supreme court for the appointment of three commissioners to determine the compensation to which he is entitled. Notice of the application must be served upon the supervisor of the town at least ten days before the hearing thereof. All proceedings subsequent to the appointment of commissioners shall be taken in accordance with the provisions of the condemnation law so far as applicable." (The emphasis is ours.)

In attempted compliance with the foregoing requirement that such " a verified claim " be presented, the petitioner served upon the respondent town board a document in this form:

" STATE OF NEW YORK $\Big\}$ *ss;*
  COUNTY OF SULLIVAN

" SAMUEL LEVINE being duly sworn, deposes and says that he is the owner of a garage property adjacent to the highway leading from South Fallsburgh toward Hurleyville and bounding the property of the Fallsburgh Lumber

Company on the Westerly side; that the Town of Falls-burgh graded and macadamized the said highway at a point where the same passes through and along the premises of deponent and as a result thereof changed the grade of the same causing the premises owned by deponent to be damaged in the sum of $3,000.00. This change was effected and completed on or about the 22nd day of August, 1940.

"Deponent hereby makes claim against said Town of Fallsburgh for the damages resulting from such change.

"SAM LEVINE.

"Severally sworn to before me this 19th day of October, 1940.
"ELLSWORTH BAKER,
"Notary Public."

The courts below were of opinion that the phrase "a verified claim," as used in section 197, indicates a written demand confirmed by an affidavit of verification in the form prescribed for pleadings by rules 99–100 of the Rules of Civil Practice. In that view, the foregoing document was without effect and this proceeding had no basis. We agree with the petitioner-appellant that this construction outruns the signification of a fairly simple statute.

"What is a claim? It is, in a just juridical sense, a demand of some matter as of right made by one person upon another, to do or to forbear to do some act or thing as a matter of duty. A more limited, but at the same time an equally expressive definition was given by Lord DYER, as cited in *Stowell* v. *Zouch*, Plowden, 359 * * *: that ' a claim is a challenge by a man of the propriety or owner-ship of a thing, which he has not in possession, but which is wrongfully detained from him.' " (STORY, J., *Prigg* v. *Pennsylvania*, 16 Pet. [U. S.] 539, 615.) An affidavit is ordinarily the authorized vehicle for the making of a claim to specific property, even where the custody is that of the law. For example, a claim by a third person to a replevied chattel is to be made in that form. (Civ. Prac. Act, § 1107.)

The claim permitted by section 197 is of the broader

kind. Damages to be thereby demanded will be unliquidated and can be awarded only through the procedure directed by the statute. No particular data are specified as necessary to a statement of the claim, the reason being, as we suppose, that one party will know as well as the other whether the essential facts have taken place. A conventional affidavit of verification of a pleading would be out of place on an instrument of demand so called for. (Cf. Court of Claims Act, § 11; Lien Law, § 9 [Cons. Laws, ch. 33]; Second Class Cities Law, § 244 [Cons. Laws, ch. 53].) The foregoing document, we believe, fully answered the requirement of section 197 that "a verified claim" be made by the petitioner-appellant for the damages demanded by him.

The orders should be reversed and the motion to dismiss the proceeding denied, with costs to the appellant in all courts.

LEHMAN, Ch. J., FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Orders reversed, etc.