THOMAS GRAHAM EVANS, Plaintiff, *v.* TOWN OF BRIDGEWATER, Defendant.

Supreme Court, Oneida County, January 23, 1942.

*William D. Bresinhan*, for the plaintiff.

*Pirnie Pritchard*, for the defendant.

ZOLLER, J. This is a motion by defendant for an order pursuant to rule 112 of the Rules of Civil Practice for judgment on the pleadings dismissing the complaint, upon the ground that it fails to state facts sufficient to constitute a cause of action and more specifically that the notice attached to the complaint is not a verified notice, as provided by section 215 of the Highway Law.

Plaintiff has brought his action to recover damages because of injuries which he sustained on June 26, 1941, by reason of what he

alleges was the negligence of the defendant in permitting a highway in the town of Bridgewater to become and remain out of repair and in allowing said highway to remain in a defective, unsafe and dangerous condition for a long period of time prior to June 26, 1941. His action is based upon the negligence of the defendant and the existence and maintenance of a nuisance. Among other things he alleges that on the 24th day of September, 1941, and within ninety days after he sustained his injuries, duplicate copies of a verified notice of his claim were filed with the supervisor and the town clerk of defendant, in accordance with said section 215 of the Highway Law, which notices contained the data and information specified in and required by said section and that more than fifteen days have passed since the filing of said notice and that his action had been commenced within one year after his cause of action accrued. A copy of the notice of claim is attached to the complaint and made a part thereof, and reads as follows:

"NOTICE OF CLAIM AGAINST THE TOWN OF BRIDGEWATER

STATE OF NEW YORK $\Big\}$ _ss:_
COUNTY OF HERKIMER

"I Thomas Graham Evans of the Town of Bridgewater, County of Oneida and State of New York do hereby solemnly swear that I was injured on the 26th day of June, 1941 in said Town of Bridgewater on the road leading north from route #20 towards the William Gould farm; that I was driving a tractor along the edge of said road in a southerly direction when the tractor struck a concealed culvert, which is about seventy-five feet from said route #20; that as a result of striking said concealed culvert, I sustained a broken neck, concussion of the brain and fractured ribs; that as a result of striking said concealed culvert, my tractor got out of control and was completely demolished; that as a result of the aforesaid injuries, I am still totally disabled.

"WHEREFORE, I am making this claim on this 24th day of September, 1941 against the Town of Bridgewater in the County of Oneida, and State of New York.

"THOMAS GRAHAM EVANS

"Sworn to and subscribed before
me this 24th day of September, 1941

"ANTHONY CONSENTINO
_Attorney & Counsellor-at-Law_
Office and P. O. Address
West Winfield, New York "

It is the contention of counsel for defendant that plaintiff's notice of claim is not verified in the manner required by subdivision

3 of said section 215 of the Highway Law, and that it should be verified as provided by rule 100 of the Rules of Civil Practice. This rule, which refers and relates to the verification of a pleading, provides in part that the affidavit of verification must be to the effect that the pleading is true to the knowledge of the deponent except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true. Obviously, plaintiff's notice of claim does not contain a verification of that phraseology or form, and the question to be determined on this motion is whether it is a notice verified in the manner required by said subdivision of section 215 of the Highway Law.

Counsel for defendant, in support of his contention that plaintiff's notice of claim is not verified, has cited several cases, none of which, it seems to me, is in point or helpful. Claimant had signed a notice of claim but had not subscribed the affidavit of verification. This had been subscribed by a notary and the court held in *Ponsrok* v. *City of Yonkers* (254 N. Y. 91) that " a notice of claim is not ' verified by the oath of the claimant ' when the affidavit is subscribed not by the claimant but by the notary and the jurat is not subscribed by the notary and is attested only by his official seal." In that case section 244 of the Second Class Cities Law required a notice in writing verified by the oath of the claimant.

In *Thomann* v. *City of Rochester* (256 N. Y. 165) a notice of claim was not filed until nearly four years after the inception of the nuisance complained of, although the city charter provided that no action was to be maintained for damages or injuries to persons or property unless the claim therefor was presented within thirty days and notice of intention was served within six months and the action was commenced within one year after such damages or injuries were sustained. An order of the Appellate Division, Fourth Department, reversing on the law a judgment in favor of defendant, entered upon a decision of the court at an Equity Term, was reversed and the judgment of the trial court affirmed, Chief Judge CARDOZO saying in his opinion, " The Legislature has said that a particular form of notice, conveyed with particular details to particular public officers, shall be a prerequisite to the right to sue. The courts are without power to substitute something else."

Typewritten copies of plaintiff's notice of claim were served upon city officials in *Rockwell* v. *City of Syracuse* (282 N. Y. 17). The court there held that the provisions of said section 244 of the Second Class Cities Law had not been complied with inasmuch as no original notice of claim had been served, and Judge FINCH in his opinion, after referring to a petition for certiorari in the case

of *People ex rel. New York City Omnibus Corp.* v. *Miller* (282 N. Y. 5), said: " The statute would not seem to require more than one signing and one verification. There was, therefore, a perfectly valid claim, which if necessary could be amended, whereas in the case at bar, so far as the city could tell, there was no signature and no verification of the claim, and only the service of what purported to be a copy of an original which with impunity might not exist at all. Where the statute permits the service of a copy, the direction is plain. The service of process in an action is not a true analogy, as there the original is kept for the purpose of filing in court."

*Matter of Passero & Sons, Inc.* (237 App. Div. 638 [4th Dept.]), involved a notice as required by sections 9 and 12 of the Lien Law, and it was held upon the facts before the court, facts distinctly different from those here, that the notice there considered was not verified in accordance with the statute. Section 12 of the Lien Law, in so far as material here, provides that the notice therein required " must be verified by the lienor or his agent, to the effect that the statements therein contained are true to his own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters he believes it to be true."

The court in *Cotriss* v. *Village of Medina* (139 App. Div. 872 [4th Dept.]; affd., 206 N. Y. 713) held that a copy of an unverified notice or statement attached to the summons and complaint as Exhibit A was not such a notice as required by section 30 of the city charter, " ' All claims against said village for damage or injury  *  *  *  shall within six months after the happening of said damage or injury be presented to the board of trustees of said village, by a writing signed by the claimant and properly verified by him, describing the time, place, cause and extent of the damage or injury, and the omission to present such a claim as aforesaid within said time shall be a bar to any action or proceeding against the village.  *  *  * ' "  There the plaintiff was injured on July 24, 1908, and a written but unverified statement or claim was presented to the board of trustees on August sixth, and the action was commenced on September seventeenth. The statement was sufficiently explicit and the only question before the court was whether the lack of verification rendered it a nullity. It was held, as stated, that although the complaint was verified and there was attached and made a part thereof an unverified notice or statement of claim and the action was started within the six months' limitation period for the filing of a verified claim, a judgment of the Supreme Court in plaintiff's favor should be reversed.

In a very recent decision of the Court of Appeals (*Matter of Levine* [*Town of Fallsburgh*], 287 N. Y. 243) the court passed upon almost the identical question here under consideration. The opinion is that of Judge LOUGHRAN and was concurred in by his six associate judges. The question before the court in that case was whether a verified claim had been presented by the petitioner to the town board in a proceeding for the appointment of commissioners of appraisal in accordance with section 197 of the Highway Law. That section provides in part, " A person claiming damages from such change of grade must present to the town board of such town a verified claim therefor within sixty days after such change of grade is effected." Pursuant to said section of the Highway Law and in attempted compliance therewith, petitioner served upon the town board a writing which, in so far as material here, was as follows:

" STATE OF NEW YORK ⎫
  COUNTY OF SULLIVAN ⎬ *ss.:*

" Samuel Levine being duly sworn, deposes and says that he is the owner of a garage property   *   *   *

" Deponent hereby makes claim against said Town of Fallsburgh for damages resulting from such change

" SAM LEVINE.

" Severally sworn to before me
  this 19th day of October, 1940.
  " ELLSWORTH BAKER,
    " *Notary Public.*"

Quoting from the opinion, the court says:

" The courts below were of opinion that the phrase ' a verified claim,' as used in section 197, indicates a written demand confirmed by an affidavit of verification in the form prescribed for pleadings by rules 99–100 of the Rules of Civil Practice. In that view, the foregoing document was without effect and this proceeding had no basis. We agree with the petitioner-appellant that this construction outruns the signification of a fairly simple statute.

" What is a claim? It is, in a just juridical sense, a demand of some matter as of right made by one person upon another, to do or to forbear to do some act or thing as a matter of duty. A more limited, but at the same time an equally expressive definition was given by Lord DYER, as cited in *Stowell* v. *Zouch*, Plowden, 359   *   *   *: that ' a claim is a challenge by a man of the propriety or ownership of a thing, which he has not in possession, but which is wrongfully detained from him.'   *   *   *

" The claim permitted by section 197 is of the broader kind. Damages to be thereby demanded will be unliquidated and can be awarded only through the procedure directed by the statute. No particular data is specified as necessary to a statement of the claim, the reason being, as we suppose, that one party will know as well as the other whether the essential facts have taken place. A conventional affidavit of verification of a pleading would be out of place on an instrument of demand so called for. (Cf. Court of Claims Act, § 11; Lien Law, § 9 [Cons. Laws, ch. 33]; Second Class Cities Law, § 244 [Cons. Laws, ch. 53].) The foregoing document, we believe, fully answered the requirement of section 197 that a ' verified claim ' be made by the petitioner-appellant for the damages demanded by him."

Although the phraseology of the verification in the *Levine* case is somewhat different from that used in the instant case, the variation is so slight as to be unimportant and insignificant. The language of both is substantially the same and has, it seems to me, the same import.

The notice of claim required by said section 197 of the Highway Law need not contain as much detailed information as the notice provided for in said subdivision 3 of section 215 of the Highway Law, and is simpler in form. In this respect it may be said that the decision in the *Levine* case is not indisputably controlling here. However, in my opinion the law of that case is applicable to the facts in this case.

Defendant's attack on this motion is against the notice of claim with respect to its lack of proper verification and not its lack of sufficient data or information regarding plaintiff's claim for damages. Furthermore, the notice was timely served and defendant was afforded the opportunity to make immediate adequate preparation for its defense. The reason for having a notice of claim verified is clear. Such a requirement is a wise precaution and a substantial protection against the presentation of unfounded or exaggerated claims. If the claimant swears to a notice which contains material false statements intentionally made, such statements may justify an indictment for perjury. A claimant is more inclined to be precise and accurate in his statement of facts if his notice of claim is sworn to. These several purposes are served by plaintiff's notice of claim.

Defendant's motion is denied, with ten dollars motion costs to plaintiff to abide the event.

An order may be submitted accordingly.