KATHRYNE A. GEELAN, Plaintiff, v. ST. PATRICK'S CHURCH OF WEST NECK et al., Defendants.

Supreme Court, Suffolk County, December 5, 1942.

*E. Merritt Weidner, Town Counsel,* for Town of Huntington, defendant.

*Bendersky & Murov* for plaintiff.

SWEZEY, J. This is a motion pursuant to rule 112 of the Rules of Civil Practice, for judgment on the pleadings dismissing the complaint as to the defendant town of Huntington on the ground that it fails to state facts sufficient to constitute a cause of action against this defendant.

The action is for damages for personal injuries alleged to have been caused because of snow and ice on one of the public

streets in the town of Huntington, New York, also because of the insufficient lighting. The accident happened on January 16, 1942. A notice of claim was served on March 27, 1942.

The motion of the defendant town of Huntington is predicated on the fact that no notice was served pursuant to subdivision 2 of section 215 of the Highway Law as re-enacted by Laws of 1941, chapter 677, effective April 22, 1941, and on the further ground that the notice filed was not verified in accordance with subdivision 3 of section 215 of the Highway Law, which provides as follows: " 3. No action shall be maintained against any town to recover any such damages, unless a notice of claim shall have been filed with the town clerk and supervisor of the town within ninety days after the cause of action accrued. Such notice shall contain a statement of the place of residence of the complainant, a description of the time when and the particular place where and the circumstances under which the injuries complained of were sustained, the cause thereof, and, so far as then practicable, the nature and extent thereof, and shall be verified by the complainant; and the town shall not be liable unless such verified notice is so filed. No action shall be commenced upon such claim until the expiration of fifteen days after the service of such notice and no action may be commenced subsequent to one year after the alleged cause of action accrued."

The notice of claim, after setting out the particulars of the accident, is signed and acknowledged as follows:

*"Katheryne A Geelan*
Claimant

STATE OF NEW YORK ⎱
    County of Suffolk ⎰ *ss.:*

" On the 25th day of March, 1942, before me personally came KATHERYNE A. GEELAN, to me known and known to me to be the individuals described in and who executed the foregoing instrument and she thereupon did acknowledge to me that she executed the same.

Virginia A. Rostin
Notary Public, Nassau Co. #2576
certificate filed in Suffolk Co.
Comm. Exp. 3/30/43 "

It is not contended by the plaintiff that a notice was filed in compliance with subdivision 2 of said section 215 which provides for a notice concerning the existence of snow and ice at the par-

ticular place prior to the happening of the accident. She maintains that because this action is predicated on the additional fact that the highway was insufficiently lighted, that this portion of the section is not controlling. In any event, the notice required by subdivision 3 of section 215 must be verified. Because of the disposition to be made of this motion, it will not be necessary to decide whether or not it was necessary under the circumstances to give the first notice.

In urging that the notice given complies with section 215 of the Highway Law, subdivision 3, the plaintiff relies upon the cases of *Evans* v. *Town of Bridgewater* (178 Misc. 250) and *Matter of Levine (Town of Fallsburgh)* (287 N. Y. 243).

In the *Evans* case the claim was sworn to. In the *Levine* case the notice was in the form of an affidavit and that was held to be sufficient.

In the case of *Matter of Bristol* v. *Buck* (201 App. Div. 100 [Third Dept.]; affd., 234 N. Y. 504), COCHRANE, P. J., in passing upon a petition that was acknowledged instead of verified, as required by the statute, said in part, at page 102: "The acknowledgment is an authentication or verification of the signature of the petitioner but it does not extend to the petition. It establishes merely that the petition was ' duly signed.' It proves the identity of the person whose name appears on the petition and that such person signed the petition. But it goes no further. Moreover if regarded as a verification it is such by the notary public while the statute requires that the verification shall be by the teachers."

In the case of *Cotriss* v. *Village of Medina* (139 App. Div. 872 [Fourth Dept.], affd., 206 N. Y. 713), SPRING, J., in passing upon the necessity for the verification of the claim, said in part, at page 874: "If the claimant verifies a claim which contains material false statements intentionally made they may be the foundation of an indictment for perjury. If the statement is verified a claimant will be inclined to be precise and accurate in setting forth the facts which, it is alleged, establish the liability of the municipality." The last two cases show very clearly the distinction between an acknowledgment and a verification.

Turning now to the cases wherein similar questions have been involved, we find the following: *Matter of Bristol* v. *Buck* (*supra*). This was a petition by teachers in a city to extend Education Law, article 43-B, to them. Section 1109-b of article 43-B provided for a petition "duly signed and verified." The petitions were acknowledged. They were not verified. It was held that there was a noncompliance with the statute.

In *Cotriss* v. *Village of Medina* (*supra*) the statement, although sufficiently explicit, was unverified and was therefore held to be insufficient.

In *Patterson* v. *City of Brooklyn* (6 App. Div. 127), the charter of the city provided that "the statement of the claim presented to the comptroller shall be duly verified" and provided that "compliance with all the provisions of the section shall be an absolute prerequisite to the institution and maintenance of any action," et cetera. The statement was unverified and was held to be insufficient.

In *Ayers* v. *City of Buffalo* (233 App. Div. 330 [Fourth Dept.]), the city charter provided for the verification of the claim. It was not verified and because thereof the complaint was dismissed.

In the case of *Rockwell* v. *City of Syracuse* (282 N. Y. 17) the statute provided for a claim "verified by the oath of the claimant." Mere typewritten copies of the verified notice were served. This was held to be insufficient.

In *Matter of Passero & Sons, Inc.* (237 App. Div. 638), the Lien Law (Cons. Laws, ch. 33) required that the notice be verified. It was not verified, but was acknowledged. This was held to be insufficient.

In *Rogers* v. *Village of Port Chester* (234 N. Y. 182, 186) the court said: "But the charter of defendant requires a verified notice of intention to sue. Any other form of notice is insufficient."

The courts, in passing upon these questions, have recognized the right of the Legislature to set up this statutory law and that it cannot be set aside or disregarded by the courts, even though the municipality may not be prejudiced. (*Patterson* v. *City of Brooklyn* (*supra*); *Borst* v. *Town of Sharon*, 24 App. Div. 599; *Ponsrok* v. *City of Yonkers*, 254 N. Y. 91.)

As was said by Chief Justice CARDOZO in *Thomann* v. *City of Rochester* (256 N. Y. 165): "The Legislature has said that a particular form of notice, conveyed with particular details to particular public officers, shall be a prerequisite to the right to sue. The courts are without power to substitute something else."

In view of the foregoing, the defendant's motion is granted and the complaint dismissed as to the defendant town of Huntington. Settle judgment on notice.