Rose Fahn, Plaintiff, v. City of New York, Defendant.

City Court of the City of New York, Trial Term, New York County, May 27, 1947.

*Charles E. Murphy, Corporation Counsel (Eugene J. Donovan* of counsel), for defendant.

*Leon Shalov* for plaintiff.

CARLIN, J. In this jury trial the plaintiff recovered a verdict of $500 which in amount was not excessive in view of the fact that plaintiff sustained a laceration to her leg which left a scar about four inches in length sufficiently visible behind the lattice of her rayons; her failure to present her doctor at the trial or to account for his absence does not militate against the amount awarded when the scar is considered. But a more serious question confronts the court regarding the sufficiency of the notice of claim which was served on October 19, 1945; the notice was unverified; the accident happened on July 12, 1945; on the day of the trial before testimony was taken the court was advised by counsel for both sides of the absence of a verification on the notice of claim and the defendant's insistence that, therefore, the notice was defective; the attorney for the plaintiff prevailed upon the court to allow the trial to proceed on his assurance to the court that there was a decision in the Appellate Division, Second Department, which held that under a similar situation the notice needed no verification for its validity. The court, however, at the close of the plaintiff's and of the entire case reserved decision on defendant's motion to dismiss the complaint for the purpose of ascertaining whether there had been any adjudication determining the effect of an unverified notice of claim in a case where an accident happened before September 1, 1945, and a notice thereon served thereafter. Neither of the briefs submitted by the respective sides contain any citation; both merely refer to chapter 694 of the Laws of 1945 (General Municipal Law, § 50-e); plaintiff contends that said law is inapplicable because the accident happened

on July 12, 1945, and that the notice of claim thereafter served came within the provisions of the law which that statute superseded and that, therefore, the notice of claim needed no verification because none was required under the old law. With this contention the court is unable to agree because of the provisions of section 14 of chapter 694 of the Laws of 1945 which provides as follows: " This act shall take effect September first, nineteen hundred forty-five, and shall apply to claims against public corporations, as defined in the general corporation law, and their officers, appointees and employees, which were not barred by applicable statutory or case law in force prior to September first, nineteen hundred forty-five, but the periods now limited for the delivery of a notice of claim shall apply to all claims which arise prior to that date "; further the New York Judicial Council at page 283 of its Tenth Annual Report, 1944, stated " It is intended that its provisions shall apply to claims arising prior to September 1, 1944 and thereafter "; substitute September 1, 1945, when the act went into effect, and you have its intendment relative to claims thereafter filed in causes of actions against the city, theretofore accruing. The only case the court finds construing section 50-e of the General Municipal Law relative to verification of the notice of claim appeared in the New York Law Journal on May 20, 1947, page 1991, column 5 (*Kaufman* v. *New York City Housing Authority,* 272 App. Div. 829); the decision, *in toto,* follows: " Appeal by plaintiff from an order denying her motion for leave to amend her notice of claim by inserting therein a verification, as required by statute. Order affirmed, with $10 costs and disbursements. Assuming, without deciding, that chapter 694 of the Laws of 1945 (General Municipal Law, § 50-e) is applicable to section 157 of the Public Housing Law, it is of no aid to the plaintiff herein. By its express terms it may not be invoked where the claim is ' barred by applicable statutory or case law in force prior to September first, nineteen hundred forty-five * * *.' (L. 1945, ch. 694, § 14.) Here plaintiff's claim was barred on May 29, 1944. (Public Housing Law, § 157, subd. 2; *Rockwell* v. *City of Syracuse,* 282 N. Y. 17.) The right of plaintiff to maintain an action terminated on that date, which is prior to the date when the statute which plaintiff seeks to invoke took effect. (*Rozell* v. *City of New York,* 271 App. Div. 832.) " In the court's opinion the plaintiff under subdivision 6 of section 50-e on timely motion on proper papers might have been relieved of her failure to have complied with subdivision 2 of section 50-e which provides **for the essentials of a notice of claim in the personal injury**

action by its being sworn to and its setting forth "the items of damage or injuries claimed to have been sustained as far as then practicable"; she, by her attorney, chose to go to trial without resort to Special Term to obtain that relief; whether it would have been granted is not intimated here as the circumstances of failing to comply with the statute were not divulged to the court. Sufficient to hold now is that a proper notice of claim "sworn to by * * * the claimant" (plaintiff) was not served; as this was a "condition precedent to the commencement of an action" (General Municipal Law, § 50-e, subd. 1) the court must grant defendant's motions upon which decision was reserved and dismiss the complaint; implicit therein is a motion to set aside the verdict which the court did not do when it was rendered because the amount thereof, at least, was not unconscionable; the verdict is, therefore, set aside and judgment is granted defendant against plaintiff dismissing her complaint. Ten days' stay and thirty days to make a case is granted plaintiff after service upon her attorney with notice of entry of any judgment defendant may enter for costs.