PARKE-BERNET GALLERIES, INC., Plaintiff, *v.* CRISTINA DE B. PATINO et al., Defendants.

Supreme Court, Trial Term, New York County,. May 28, 1947.

*Leve, Hecht, Hadfield, McAlpin & Brand* for plaintiff.

*Patterson, Eagle, Greenough & Day* for defendants.

STEUER, J. One of the defendants is a receiver in supplementary proceedings. The other is the judgment creditor. The former had gained possession of certain chattels which he understood to be the property of the judgment debtor and had obtained permission of the court to sell them. He entered into a contract with the plaintiff to act as auctioneer for the sale. The contract contained the following clause, stating that the defendants did " * * * represent, undertake and agree as follows: (a) That the consignor has the right to cause said property to be exhibited and sold, and that the same is free and clear and will be kept free and clear of incumbrances, liens and claims of third parties."

It appears that prior to the execution of this contract defendants had received a letter from attorneys representing the judgment debtor in which an offer to purchase the property was made and the letter stated that the judgment debtor claimed that the property did not belong to him but to his children. Following receipt of this letter a meeting was had between this attorney and defendants, at which the attorney admitted that he had nothing to substantiate the assertion that the property belonged to the debtor's children and that if a sale were made to the debtor the statement would be withdrawn. This transaction was not revealed to plaintiff.

Just prior to the date fixed for the auction the debtor sent a cablegram to plaintiff repeating the assertion that the property in the chattels was in his children and threatening to hold plaintiff responsible if the chattels were sold by it. Plaintiff consulted defendants, who advised them of the earlier assertion and their opinion of its invalidity. Defendants acknowledged their inability, in the short period remaining before the sale, to secure plaintiff or to force retraction of the assertion by legal means or otherwise. Plaintiff thereupon cancelled the sale and brought this action for breach of the contract and for fraud.

On whichever ground the case is considered, the determination will depend on the meaning of the word " claim " in the contract. The word has not been without legal definition (*Matter of Levine* [*Town of Fallsburgh*], 287 N. Y. 243; *Robinson* v. *Wiley,* 15 N. Y. 489). There are also definitions in regard to particular statutes and contracts which are not pertinent here.

In a strict legal sense there was no claim proved. At most, there was an assertion that the property in the chattels was not in the person from whom defendants derived their title, but that it was in others. A claim must be made by the claimant or someone in his behalf. Neither communication purported to be made on behalf of the children by anyone authorized to act for them. Not a claim, but a disclaimer was proved.

As the contract was drawn by the plaintiff, the best test of what the words meant would be what clients of the plaintiff would reasonably understand from them. It will be observed that the contract makes no distinction between claims made before or after execution. It is manifestly impossible to be certain that no one else will assert a right to one's property no matter how clear one's title may be. The question is whether plaintiff's clients would understand that they were taking the risk of any such claim, no matter how reckless or unfounded.

No doubt the parties could have made such an agreement by the use of appropriate language. In this contract " claim " is coupled with " incumbrance " and " lien ". This indicates that the intention was to specify a colorable claim advanced with whatever degree of formality the circumstances would permit.

The conclusion reached is that neither in a technical sense nor within the intendment of the parties was a claim made. Judgment for defendants.