Thomas A. Aurelio, J.
On this application the intervenorrespondent seeks an order dismissing the petition on the ground that the same is unverified, whereas, as set forth in the Administrative Code of the City of New York, a petition for certiorari is required to be verified.
The wording of the applicable statute, section 668e-1.0 of the Administrative Code, is that certain designated persons ‘ ‘ may present to the supreme court a petition duly verified ”.
This statute is special in its nature in that it deals with particular conditions and specifies the procedure to be followed in order to obtain relief. The pertinent provisions thereof are, therefore, controlling over any contradictory provisions of the Civil Practice Act or any other general statute. When, therefore, the special statute provides for verification of a petition, that provision should be followed. While, despite this, there may be room for allowable amendment where a defective verification is involved, such is not the situation here, where there was no verification whatsoever. (Rockwell v. City of Syracuse, 282 N. Y. 17; and cf. Matter of Dairymen’s League Co-op. Assn. v. Du Mond, 201 Misc. 354, affd. 282 App. Div. 69, appeal dismissed 306 N. Y. 595.) An acknowledgment appears at the end of the petition, but this does not constitute a verification nor even an attempted one. An acknowledgment shows, merely prima facie, that an instrument is duly executed. (Breuchaud v. Bank of New York & Trust Co., 157 Misc. 375, and cases cited.) A verification, on the other hand, “is an affidavit attached to a statement, as to the truth of the matters therein set forth ”. (1 Carmody-Wait on New York Practice, p. 473.) Moreover, prosecution for perjury is attendant upon false statements in *247 a verified claim. (Cf. Rockwell v. City of Syracuse, 282 N. Y. 17, 19, supra.)
For the foregoing reasons the court takes the view that the lack of verification of the petition herein is a jurisdictional defect and accordingly the petition is dismissed and the order of certiorari vacated.
Settle order.
On Cross Motion
This cross motion for an order deeming the petition herein filed as verified and in conformity with the Administrative Code of the City of New York is denied (see memorandum on companion motion, Calendar No. 38 of November 18, 1955 [ante]). Petitioners’ application to file a new petition is also denied as the applicable provisions of the Administrative Code (§ 668e-1.0) which govern herein afford no such relief. Also, section 23 of the Civil Practice Act has no application herein. That section states, in part: “If an action is commenced within the time limited therefor ”. Under the above-cited section of the Administrative Code, this action was never commenced, as the failure to verify the petition is a jurisdictional defect.
Nor does it satisfactorily appear that section 253 of the Civil Practice Act has any application. Section 253 deals with a ‘ ‘ defective verification ’ ’ and also an insufficient verification.
The language of the Court of Appeals in Thomann v. City of Rochester (256 N. Y. 165, 172) is apposite here: “ The Legislature has said that a particular form of notice, conveyed with particular details to particular public officers, shall be a prerequisite to the right to sue. The courts are without power to substitute something else.”
Rockwell v. City of Syracuse (282 N. Y. 17) is concerned with a statutory requirement of service of a verified notice of claim against a city. A typewritten copy of an alleged verified notice was served. The Court of Appeals there says, in distinguishing between a defective verification and no verification at all (p. 20): “ The case of People ex rel. New York City Omnibus Corp. v. Miller (282 N. Y. 5), handed down herewith, is entirely different in its facts, as there was the signature of the president of the party making the claim at the end of the petition for certiorari, and a proper verification by a notary, but not signed by the president a second time. The statute would not seem to require more than one signing and one verification. There was, therefore, a perfectly valid claim, which if necessary could be amended, whereas in the case at bar, so far as the city could tell, there was no signature and no verification of the claim, *248 and only the service of what purported to be a copy of an original which with impunity might not exist at all.” (Emphasis supplied.) The complaint in that case was properly dismissed.
In view of the foregoing considerations, this cross motion is denied in all respects.