OPINION OF THE COURT
Alan C. Marin, J.
The State of New York moves to dismiss the claim of Fernando Bermudez for unjust conviction on the ground that it was not verified by the claimant as required by subdivision (4) of section 8-b of the Court of Claims Act.
The Court of Appeals relied upon section 8-b (4) when it affirmed the dismissal of the unjust conviction suit in Long v State of New York (7 NY3d 269 [2006]). It rejected Long’s use of a more general provision of Court of Claims Act § 11 (b), which provides that a claim (and notice of intention to file a claim) must be verified in the same manner as a complaint in supreme court, by which CPLR 3020 (d) (3) permits verification to be made by counsel if the client is not in the county where the former has his or her office.
In his papers (and at oral argument on May 16, 2014), Mr. Bermudez contrasted his pleadings to those of Long and other cases that were dismissed for the claimant’s failure to personally verify — Santos v State of New York (92 AD3d 590 [1st Dept 2012]) and Taylor v State of New York (33 AD3d 438 [1st Dept 2006]).
In Santos, as in Long, “[claimant’s] attorney verified the claim, stating that ‘[t]he reason why this verification is made by me and not by the above party [is] because he resides in a county outside of the principal location of my office’ ” {Santos v State of New York, Ct Cl, July 28, 2010, Marin, J, claim No. 109907, UID No. 2010-016-051).
The Taylor claim was verified by claimant’s attorney; there was no discussion by the First Department or the trial court as to whether this was because of the location of counsel’s office. In claimant’s cross motion, a personal verification from Mr. Taylor was annexed with the request that it be accepted nunc pro tunc.
There was no indication that the claims in Long, Santos, or Taylor were notarized and signed by the claimant as Bermudez did. Bermudez submitted the two-page claim form provided on the Court of Claims website and in several places typed, “Please see attached claim” or “Please see the attached detailed claim.” *607 The attachment was a six-page claim with two exhibits, including exhibit B, a decision and order by Supreme Court Justice John Cataldo, dated November 9, 2009, which granted Bermudez’s motion to vacate his conviction and dismiss the underlying indictment.[1]
The bottom half of page two of the court’s standard claim form is a section entitled, “Verification.” The text of the verification is preprinted as follows:
“_____, being duly sworn, deposes and says that deponent is the Claimant in the within action; that deponent has read the foregoing Claim and knows the contents thereof; that the same is true to deponent’s own knowledge, except as to matters therein stated to be alleged upon information and belief, and that as to those matters, deponent believes it to be true.”
On Bermudez’s submission, the name of counsel — “Michael S. Lamonsoff’ — is typed in above as well as on the signature line below, and Mr. Lamonsoff signed it before a notary. Just above the verification title on the form is a signature line, and imprinted under it is the word “Claimant.” Here, instead of the signature of Fernando Bermudez, the following is typed, “Please see attached signed and notarized Claim by Claimant Fernando Bermudez.”
The sixth unnumbered page of the “detailed claim,” the last page before the affidavit of service, contains the wherefore clause followed by Mr. Bermudez’s signature over his typed name and then the notary stamp (Mr. Lamonsoff also signed it over his typed name and address — this is below the notarization).
Fernando Bermudez would appear to have a difficult burden in challenging the dismissal of his case given: the Court of Appeals’ affirmation of the dismissal of Lee Long’s section 8-b claim because it was not verified, and the multiple Court of Appeals rulings that statutory requirements to commence suit in the Court of Claims must be strictly adhered to. The Court in Long ruled that dismissal was required: “Because suits against the State are allowed only by the State’s waiver of sovereign im *608 munity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed” (7 NY3d at 276 [citations omitted]).
Less than a year after Long was decided, in Kolnacki v State of New York (8 NY3d 277 [2007]), the Court of Appeals again enforced strict compliance with such jurisdictional requirements and dismissed Betty Kolnacki’s suit.
In any event, if the statute is to be read strictly, then perhaps the proper recourse is to the law-making authority. On that note, Ms. Kolnacki’s case was dismissed by the Court of Appeals on March 22, 2007 — for failing to specify the total sum claimed for damages in the pleadings, an omission that was perhaps understandable because such was barred in supreme court at that stage. The requirement in the Court of Claims Act for such specificity in personal injury cases was removed in a few months: the Governor signed what became chapter 606 on August 15, 2007.[2]
Bermudez did not personally verify his claim, but he did sign it before a notary. In this motion, claimant argues that there is no functional difference between the two, citing, among other cases, Schorr v New York City Hous. Auth. (296 NY 524 [1946], affg 270 App Div 339 [1st Dept 1946]), Matter of Levine (Town of Fallshurgh) (287 NY 243 [1942]), and Collins v AA Truck Renting Corp. (209 AD2d 363 [1st Dept 1994]).
In Schorr, a tenant struck by pieces of ceiling plaster sued his landlord, the Housing Authority. The procedure for the suit was governed by section 157 of the Public Housing Law; former subdivision (2) thereof then required that the notice of claim contain a “verified statement showing in detail. . . the injuries alleged.” The Court of Appeals found sufficient the filed written notice and statement from plaintiff signed by him and sworn to before a notary, rejecting defendant’s argument that there *609 needed to be an affidavit of verification in the form prescribed in what was then the Rules of Civil Practice.[3]
Matter of Levine involved section 197 of the Highway Law, which provided — and still provides — that an individual damaged from a change in road grade must file a “verified claim therefor.” The Court of Appeals held that a statement of the claim with the amount signed by Mr. Levine before a notary satisfied the verified claim requisite. After observing that damages would be unliquidated, that no particular data was required by the statute, and that both sides would be familiar with the essential facts, the Court ruled that “[a] conventional affidavit of verification of a pleading would be out of place” (287 NY at 246).
The more recent Collins v AA Truck Renting Corp. (209 AD2d 363 [1st Dept 1994]) held that the fact that a notary seal and signature were on a different page from deponent’s signature did not make the affidavit defective. Such is not directly relevant to our case — it is not as if there was an otherwise valid verification that was challenged because it extended over two pages. But note that the First Department stated that “[t]here is no specific form of oath required in this State (see, General Construction Law § 36)” (209 AD2d at 363). Section 36 of the General Construction Law reads: “The terms oath and affidavit include every mode authorized by law of attesting the truth of that which is stated. The term swear includes every mode authorized by law for administering an oath.”
CPLR 3020 (a) provides that “[a] verification is a statement under oath that the pleading is true to the knowledge of the deponent, except as to matters alleged on information and belief, and that as to those matters he believes it to be true.”[3]
[4] The commentary to McKinney’s CPLR 3020 (a) provides:
“Since the verification makes the pleading — or those parts of the pleading that are verified — sworn data, a verified pleading is the equivalent of an affidavit and may be used for the same purposes. See CPLR 105 (u) (‘A ‘verified pleading’ may be utilized as an affidavit whenever the latter is required’)” (Patrick *610 M. Connors, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3020:2).
In addition to Long, other Court of Appeals rulings strictly construing the Court of Claims Act also dealt with failures in pleading or service that were not insubstantial.
Kolnacki involved the difference between defendant learning what claimant initially asserted was the total exposure (however optimistically overblown) and receiving no figure at all for damages.[5]
In Lepkowski u State of New York (1 NY3d 201 [2003]), claims for violations of the Fair Labor Standards Act of 1938 were brought on behalf of over 750 state employees, but there were no details on the specific losses, except to “ ‘seek recovery of all unpaid overtime compensation for all hours worked over 40 hours in a work week and not compensated at one and one-half times the regular rate’ ” (1 NY3d at 208).
The Court of Appeals affirmed the Appellate Division’s dismissal of the claim in Finnerty v New York State Thruway Auth. (75 NY2d 721 [1989]) for failure to give proper notice: the Thruway Authority alone was served, not the Attorney General, as the statute requires.
Dreger v New York State Thruway Auth. (81 NY2d 721 [1992]) covered three appeals and upheld dismissal in all three. Mr. Dreger, like Mr. Finnerty, served only the Thruway Authority. In the other two cases, service was by regular mail, rather than by certified mail, return receipt requested, which affords written proof of service — the green postal card.[6]
Lichtenstein v State of New York (93 NY2d 911 [1999]) barred a wrongful death claim from commencing before the appointment of a personal representative in receipt of letters of administration as set forth in section 10 (2) of the Court of Claims Act.
*611 In sum, verification requires that the claimant has read the submitted claim, knows its contents and that it is true to the extent of his or her knowledge. The underlying matter here was a criminal prosecution. Mr. Bermudez was presumably in court every day of his trial and is sufficiently familiar with subsequent legal motions. What can there possibly be by way of any discernible distinction between him verifying his claim and swearing to it before a notary?
In view of the foregoing and having reviewed the parties’ submissions, it is ordered that motion No. M-84686 to dismiss claim No. 118556 be denied.

. Obviously, as a general proposition, in any complaint or pleading, a document may be attached — for example, a medical report, MV-104, or an indictment. It is a better way to present the information and the attachments are typically independent documents. Similarly, using a court-supplied form to reference a more full detailing of what happened is also a unified document.

. The Governor stated in his approval message that the bill was signed with the understanding that there would be some limiting of how far back the new law would reach (Governor’s Mem approving L 2007, ch 606, amended by L 2008, ch 64). At oral argument, the Assistant Attorney General represented that following the dismissal of his claim, Lee Long had sought other redress— via a malpractice suit. Assembly Bill 9965 is the Attorney General’s proposal amending section 8-b in a number of ways, including permitting the resubmission of claims that were not personally verified. The bill was introduced on June 4, 2014; there is no Senate version as of this writing.

. That is no longer a requirement for suit against the New York City Housing Authority; Public Housing Law § 157 now incorporates the procedural rules of General Municipal Law § 50-e, which require that the pleadings be in writing and sworn to by or on behalf of the claimant.

. The first sentence of CPLR 3021, entitled “Form of affidavit of verification,” is virtually identical.

. This court dismissed a case for failing to plead the total sum claimed (Matter of Estate of Anwar v State of New York, 9 Misc 3d 1127[A], 2005 NY Slip Op 51813[U] [Ct Cl 2005], affd Nasir v State of New York, 41 AD3d 677 [2d Dept 2007]).

. But see at the appellate level Filozof v State of New York, 45 AD3d 1405, 1406 (4th Dept 2007), which reversed the Court of Claims judge and dismissed the claim where the service (of the notice of intention) was by registered mail, return receipt requested and not as the statute reads, by “certified mail, return receipt requested.” The trial court had reasoned that both kinds of mail yield a receipt as proof of service from the post office and are thus functionally equivalent.