OPINION OF THE COURT
Alan C. Makin, J.
The claim of Darryl Austin, who had been found dead in his prison cell on August 2, 2000, was filed on January 2, 2015 by his mother Louise Austin. The defendant State of New York has moved to dismiss the claim on the ground that it does not comply with the verification requirement of the Unjust Conviction and Imprisonment Act of 1984 (Court of Claims Act § 8-b).
Mr. Austin had been convicted (along with his half brother Alvena Jeannette) of the murder of Ronnie Durant during an attempted robbery on September 10, 1985, and Austin was sentenced to 18 years to life on August 18, 1988 (People v Austin, 168 AD2d 502 [2d Dept 1990], lv denied 78 NY2d 953 [1991]).
Years later, on May 6, 2014, a CPL article 440 hearing was conducted on the matter following the determination by the conviction review unit of the Kings County District Attorney’s office that the primary witness was problematic and that certain police documents had not been turned over to the defense. The District Attorney’s office asked that the convictions of the two men be vacated and the indictments dismissed, which requests were granted by Justice Neil Firetog.
Subdivision (4) of section 8-b provides that “[t]he claim shall be verified by the claimant.” In Long v State of New York (7 NY3d 269, 276 [2006]), the Court of Appeals dismissed an unjust conviction claim because it was verified by counsel, not personally by the claimant, citing subdivision (4) and also quoting the 1984 Report of the Law Revision Commission that a claim “must be personally verified.”[1]
The Long Court rejected the use of a more general provision of the Court of Claims Act, section 11 (b), which requires that a claim be verified in the same manner as a complaint in Supreme Court; CPLR 3020 (d) (3) permits verification by a party’s attorney if the party is not “in the county” where the attorney has his or her office. This court has found that a *284 claimant who swears before a notary to the truth of his claim for unjust conviction satisfies the verification requisite (Bermudez v State of New York, 44 Misc 3d 605 [Ct Cl 2014]).
Professor Patrick M. Connors, in his commentary to CPLR 3020, summarized the Bermudez decision and then concluded: “Another court might not take the same approach. Therefore, lawyers filing claims based on unjust conviction and imprisonment should make sure that the claimant personally verifies the claim in the Court of Claims.”[2] Obviously, it was impossible for Darryl Austin to have done so.
The Court of Appeals has stated that “because suits against the State are allowed only by the State’s waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed” (Dreger v New York State Thruway Auth., 81 NY2d 721, 724 [1992] [citation omitted]). This language has been cited in Long (7 NY3d at 276) and elsewhere by the Court of Appeals to support dismissal of a Court of Claims action: Kolnacki v State of New York (8 NY3d 277, 280 [2007]), Lepkowski v State of New York (1 NY3d 201, 206-207 [2003]), and Lichtenstein v State of New York (93 NY2d 911, 913 [1999]).
But, as is often noted, the administrator of the estate “stands in the shoes” of the deceased for purposes of bringing a lawsuit. The Lichtenstein case makes that point together with upholding strict statutory requirements for bringing a suit against the State. Mr. Lichtenstein had been killed in a motor vehicle accident on a state road. The case was dismissed because his widow began the action in the Court of Claims before receiving letters of administration and thus did not comply with subdivisions (2) and (3) of section 10 of the Court of Claims Act.[3]
Louise Austin was issued letters of administration for the estate of her son Darryl on November 15, 2000, which remain in force,[4] and her verified claim is otherwise procedurally compliant.
*285 In view of the foregoing and having reviewed the parties’ submissions,[5] it is ordered that motion No. M-86385 to dismiss claim No. 125474 is denied.

. The basis of what became section 8-b of the Court of Claims Act was the Report of the Law Revision Commission to the Governor on Redress for Innocent Persons Unjustly Convicted and Subsequently Imprisoned, dated February 2, 1984 (reprinted in 1984 McKinney’s Session Laws of NY at 2899).

. Patrick M. Connors, 2014 Supp Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR 3020:2, 2015 Pocket Part at 3.

. No case has been brought to the court’s attention that involves an individual who dies before he or she has had an opportunity to verify a claim brought under section 8-b of the Court of Claims Act.
Defendant does not argue per EPTL 11-3.2 (b) that as of the date of his death, Darryl Austin did not, strictly speaking, have an extant action for unjust conviction that could then carry over to his estate. This need not be addressed.

. Paragraph 10 and exhibit B of claimant’s affirmation in opposition.

. The following were reviewed: from defendant — a notice of motion with affirmation (including exhibit A) and a reply affirmation; from claimant — an affirmation in opposition (including exhibits A through C).