■ SAMI LEKA, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 106392.) [791 NYS2d 660]—

In a claim to recover damages for unjust conviction and imprisonment pursuant to Court of Claims Act § 8-b, the claimant appeals from an order of the Court of Claims (Waldon, J.), dated May 12, 2004, which granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the claim for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

By judgment of the Supreme Court, Kings County, rendered May 31, 1990, the claimant was convicted of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree. After his conviction, the claimant discovered that the prosecution had failed to disclose at trial the eyewitness observations of a police officer, and he moved to vacate the judgment pursuant to CPL 440.10 (1) (g). The Supreme Court denied the motion, and this Court affirmed the judgment of conviction and the order denying the claimant's motion to vacate the judgment pursuant to CPL 440.10 (*see People v Leka*, 209 AD2d 723 [1994]). While this Court determined that the claimant had failed to meet the requirements for setting aside a judgment of conviction based on newly-discovered evidence, this Court did not directly address the issue the claimant raised on appeal alleging

violations of *Brady v Maryland* (373 US 83 [1963]) (*id.* at 725). The New York Court of Appeals denied the claimant leave to appeal (*see People v Leka,* 85 NY2d 911 [1995]).

Thereafter, the claimant sought federal habeas corpus relief from the United States District Court for the Eastern District of New York. The Eastern District denied the petition (*see Leka v Portuondo,* 76 F Supp 2d 258 [1999]). However, the United States Court of Appeals for the Second Circuit reversed and conditionally granted the writ based on its finding that the prosecutor failed to turn over certain *Brady* material (*see Leka v Portuondo,* 257 F3d 89 [2001]).

The claimant then commenced this claim against the State of New York to recover damages for unjust conviction and imprisonment. The Court of Claims granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the claim for failure to state a cause of action. We affirm.

Contrary to the claimant's contention, his claim does not state a cause of action under Court of Claims Act § 8-b (3) (b), as the vacatur of his May 1990 conviction due to the People's failure to disclose certain *Brady* material was not based on any of the grounds set forth in the statute or premised on any likelihood of innocence, but rather on the ground that the claimant was deprived of his due process rights as guaranteed by the United States Constitution (*see* Court of Claims Act § 8-b [3] [b] [ii]; *Ivey v State of New York,* 80 NY2d 474, 479 [1992]; *Reed v State of New York,* 78 NY2d 1 [1991]; *Woodley v State of New York,* 306 AD2d 524, 525 [2003]; *Pough v State of New York,* 203 AD2d 543 [1994]).

The claimant's remaining contentions are without merit. Prudenti, P.J., Cozier, Ritter and Spolzino, JJ., concur.