[852 NE2d 1150, 819 NYS2d 679]

Lᴇᴇ Lᴏɴɢ, Appellant, v Sᴛᴀᴛᴇ ᴏғ Nᴇᴡ Yᴏʀᴋ, Respondent.
(Claim No. 106274.)

Argued June 1, 2006; decided July 5, 2006

**POINTS OF COUNSEL**

*Joel Berger,* New York City, for appellant. Where the dismissal of an indictment is clearly predicated upon an order vacating a judgment of conviction pursuant to CPL 440.10 (1) (g) (newly discovered evidence), and the court vacating the judgment has determined, with the People in agreement, that defendant is innocent and that dismissal of the indictment is therefore the appropriate course of action, and defendant subsequently files a claim in the Court of Claims, the statutory requirements for presentation of such a claim (Court of Claims Act § 8-b [3] [b] [ii]) have been met. (*Coakley v State of New York,* 150 Misc 2d 903; *Dozier v State of New York,* 134 AD2d 759; *Ferrer v State of New York,* 136 Misc 2d 218, 136 AD2d 487; *Gordon v State of New York,* 141 Misc 2d 242; *Stewart v State of New York,* 133 AD2d 112; *Ivey v State of New York,* 80 NY2d 474; *Baba-Ali v State of New York,* 20 AD3d 376.)

*Eliot Spitzer, Attorney General,* Albany (*Frank K. Walsh, Caitlin J. Halligan, Daniel Smirlock* and *Peter H. Schiff* of counsel), for respondent. I. The Court of Claims correctly determined that the claim is jurisdictionally defective because it was filed on June 26, 2002, more than two years after Supreme Court's June 23, 2000 order vacating claimant's conviction and dismissing the indictment. (*Romano v Romano,* 19 NY2d 444; *Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp.,* 93 NY2d 375; *Schwartz v Heyden Newport Chem. Corp.,* 12 NY2d 212, 374 US 808; *Schmidt v Merchants Despatch Transp. Co.,* 270 NY 287.) II. The Court of Claims correctly determined that the claim was jurisdictionally defective because it was not personally verified by the claimant. (*Webb v State of New York,* 18 AD3d 648, 6 NY3d 707; *Lepkowski v State of New York,* 1 NY3d 201; *Finnerty v New York State Thruway Auth.,* 75 NY2d 721; *Glassman v Glassman,* 309 NY 436; *Lichtenstein v State of New York,* 93 NY2d 911; *Dreger v New York State Thruway Auth.,* 81 NY2d 721; *Berger v City of New York,* 260 App Div 402, 285 NY 723; *David W. v State of New York,* 27 AD3d 111; *Reed v State of New York,* 78 NY2d 1; *Ivey v State of New York,* 80 NY2d 474.) III. The Second Department's interpretation of the proviso clause of Court of Claims Act § 8-b (3) (b) (ii) (A), while in conflict with that of the other departments of the Appellate Division, is the only interpretation that can be harmonized with this Court's decision in *Ivey v State of New York* (80 NY2d 474 [1992]). (*Woodley v State of New York,* 306 AD2d 524; *Stewart v State of New York,* 133 AD2d 112, 72 NY2d 807; *Coakley v State of New York,* 225 AD2d 477; *Dozier v State of New York,* 134 AD2d 759.)

### OPINION OF THE COURT

GRAFFEO, J.

Although claimant satisfied the statutory requirements of Court of Claims Act § 8-b (3) (b) (ii) in this action to recover damages for unjust conviction and imprisonment, he failed to verify his claim properly. We therefore affirm the dismissal of this claim.

In April 1995, following a jury trial, claimant Lee Long was convicted of rape in the first degree, robbery in the first degree and two counts of sexual abuse in the first degree. Supreme Court sentenced him to serve two concurrent terms of 8 to 24 years imprisonment. The Appellate Division affirmed the judgment of conviction.

Based in part on a postconviction investigation conducted by the District Attorney's office in 1999, claimant moved to vacate

his judgment of conviction under CPL 440.10 and dismiss the indictment in the interest of justice pursuant to CPL 210.40. After a hearing, by order dated June 23, 2000, Supreme Court granted the motion. In a memorandum decision dated June 26, 2000, the court explained that the evidence adduced at the hearing indicated that claimant was "the wrong man" and that only one remedy would "serve the ends of justice." The court did not articulate the specific statutory ground upon which it based the vacatur. Claimant was released from prison on June 28, 2000.

Almost two years later, claimant sought clarification from the court regarding the precise basis for the vacatur of his conviction. Supreme Court granted this request in May 2002 and again vacated the judgment of conviction, expressly stating that its decision was premised upon CPL 440.10 (1) (g), which provides for vacatur based on newly discovered evidence.* The court reiterated that "the indictment is dismissed in the interests of justice pursuant to C.P.L. § 210.40."

On June 26, 2002, claimant commenced this action against defendant State of New York, seeking damages for unjust conviction and imprisonment pursuant to Court of Claims Act § 8-b. The State answered and raised a number of affirmative defenses, including untimeliness and improper verification. Claimant moved to dismiss the affirmative defenses and the State cross-moved for summary judgment dismissing the claim. Specifically, the State argued that (1) the claim was time-barred because it was not filed within two years of the dismissal of the indictment; (2) the claim was fatally defective because it was not personally verified by claimant; and (3) claimant did not state a cause of action because the dismissal of the indictment, as opposed to merely the vacatur of the conviction, was not predicated on one of the grounds enumerated in Court of Claims Act § 8-b (3) (b) (ii) and CPL 440.10 (1).

The Court of Claims granted the State's motion, finding the claim time-barred and the verification deficient. The Appellate Division affirmed, but for a different reason. The Court determined that claimant did not meet the requirements of Court of Claims Act § 8-b (3) (b) (ii), construing that provision to require that both the judgment be vacated and the indictment be dismissed on grounds set forth in CPL 440.10 (1). The

---

* The court had considered the same evidence in its June 26, 2000 decision, but did not indicate whether such evidence formed the basis for its June 2000 vacatur of the judgment.

Court did not reach the issues of timeliness or verification. We granted claimant leave to appeal.

■ Claimant argues that the Appellate Division erred in requiring him to show that the vacatur of the judgment and dismissal of the indictment were based on one of the grounds specified in Court of Claims Act § 8-b (3) (b) (ii) and CPL 440.10 (1). Rather, claimant contends that the Court of Claims Act requires a claimant to establish only that the vacatur of the judgment was predicated upon one of the statutory grounds. We agree.

When presented with an issue of statutory interpretation, the court's primary consideration "is to ascertain and give effect to the intention of the Legislature" (*Riley v County of Broome*, 95 NY2d 455, 463 [2000] [internal quotation marks and citation omitted]). Although statutes will ordinarily be accorded their plain meaning, it is well settled that courts should construe them to avoid objectionable, unreasonable or absurd consequences (*see People v Santi*, 3 NY3d 234, 242 [2004]; *Matter of ATM One v Landaverde*, 2 NY3d 472, 477 [2004]; McKinney's Cons Laws of NY, Book 1, Statutes §§ 141, 143).

The Legislature enacted Court of Claims Act § 8-b in 1984 to allow innocent persons to recover damages from the state where they can prove by clear and convincing evidence that they were unjustly convicted and imprisoned (*see* Court of Claims Act § 8-b [1]). The relevant portion of the statute provides as follows:

> "3. In order to present the claim for unjust conviction and imprisonment, claimant must establish by documentary evidence that: . . .
>
> "(b) . . . (ii) his judgment of conviction was reversed or vacated, and the accusatory instrument dismissed or, if a new trial was ordered, either he was found not guilty at the new trial or he was not retried and the accusatory instrument dismissed; provided that the judg[ ]ment of conviction was reversed or vacated, and the accusatory instrument was dismissed, on any of the following grounds: (A) paragraph (a), (b), (c), (e) or (g) of subdivision one of section 440.10 of the criminal procedure law" (Court of Claims Act § 8-b [3]).

A claimant may therefore seek redress where the court (1) vacates (or reverses) the judgment and dismisses the accusatory instrument; (2) vacates the judgment and orders a new trial,

followed by a subsequent dismissal of the accusatory instrument before retrial; or (3) vacates the judgment and orders a new trial, resulting in a not guilty verdict.

We previously addressed the statute's proviso clause requiring a claimant to show that "the judgment of conviction was reversed or vacated, and the accusatory instrument was dismissed, on any of the [enumerated grounds]" in *Ivey v State of New York* (80 NY2d 474, 479 [1992]). We noted that, "[i]n enacting section 8-b, the Legislature sought to strike a balance between the goals of compensating innocent individuals who had been unjustly convicted and imprisoned, and foreclosing frivolous suits against the State" (*id.*, citing 1984 Report of NY Law Rev Commn to Governor on Redress for Innocent Persons Unjustly Convicted and Subsequently Imprisoned, 1984 NY Legis Doc No. 65, reprinted in 1984 McKinney's Session Laws of NY, at 2928). We further observed that "[t]his effort was reflected to some extent by the Legislature's tacking on the proviso clause to section 8-b (3) (b) (ii). The explicit limitations in the proviso clause were added despite the absence of a recommendation to do so by the Law Revision Commission" (*id.*).

In *Ivey*, the issue was whether a reversal must be predicated on one of the enumerated grounds when there was a retrial and acquittal. Acknowledging the "awkward location and punctuation of the proviso clause," we determined that when a retrial results in an acquittal, the claimant need not show that the reversal or vacatur was based on one of the grounds listed in Court of Claims Act § 8-b (3) (b) (ii) (*id.* at 480-481). We reasoned that the proviso did not apply in that scenario because that clause, by its terms, applied only when "the accusatory instrument was dismissed." A dismissal, however, "is a technically and theoretically alien notion where a new trial is ordered and held and results in an acquittal" (*id.* at 481).

Where, as here, the accusatory instrument is dismissed, the plain language of the proviso appears to suggest that both the vacatur of the judgment and dismissal of the accusatory instrument must be premised on one of the grounds set forth in CPL 440.10 (1). But requiring the dismissal to occur under one of those bases would be unworkable. As an initial matter, the grounds specified in CPL 440.10 (1) apply solely to the vacatur of a judgment. When granting a motion to vacate, a court dismisses the accusatory instrument (or orders a new trial) pursuant to a different subdivision—CPL 440.10 (4). More importantly, where a court vacates a judgment and orders a new trial,

but later dismisses the accusatory instrument before retrial, such dismissal cannot possibly occur under CPL 440.10 (1). Once a court grants the motion to vacate and orders a new trial, CPL 440.10 no longer applies; instead, any subsequent dismissal has to be undertaken in accordance with one of the statutes authorizing dismissal of an accusatory instrument (see CPL 170.30, 170.50, 210.20). Since Court of Claims Act § 8-b (3) (b) (ii) clearly provides redress when a court orders a new trial and later dismisses the accusatory instrument, construing the provision to require a claimant to establish that the instrument was dismissed pursuant to CPL 440.10 would impose an impossible condition and create a self-contradictory statute, a result the Legislature could not have intended.

We conclude that a claim satisfies the statutory criteria if the claimant establishes that the judgment of conviction was vacated under one of the specified grounds in Court of Claims Act § 8-b (3) (b) (ii), regardless of the basis for the dismissal of the accusatory instrument. Contrary to the State's argument, such interpretation does not ignore the statutory clause—"and the accusatory instrument was dismissed." Our reading of the statute accords with *Ivey* and gives effect to that phrase—a reversal or vacatur must be premised on one of the enumerated grounds only if "the accusatory instrument was dismissed."

Here, although Supreme Court's June 2000 memorandum decision did not indicate the CPL 440.10 (1) ground upon which the court based its vacatur, the May 2002 order clarified that the vacatur was granted pursuant to CPL 440.10 (1) (g), one of the grounds detailed in Court of Claims Act § 8-b (3) (b) (ii). Both decisions explained that the indictment was dismissed in the interest of justice under CPL 210.20 and 210.40. Claimant therefore has shown that his claim satisfied the requirements of Court of Claims Act § 8-b (3) (b) (ii).

■ Because we disagree with the Appellate Division's reason for affirming the dismissal of the claim, we must now address the State's alternative grounds for affirmance. Turning first to the question of timeliness, claimant must establish, by documentary evidence, that he filed his claim within two years from the dismissal of the accusatory instrument (see Court of Claims Act § 8-b [3] [c]; [7]). Taking judicial notice of the court records demonstrating that the indictment was not dismissed until June 28, 2000 (see *Matter of Ordway*, 196 NY 95, 97 [1909]; Prince, Richardson on Evidence § 2-209 [Farrell 11th ed]), we are satisfied that claimant sustained the timeliness of his claim.

The State further posits that the Court of Claims properly dismissed the claim because claimant did not personally verify the document. Relying on *Lepkowski v State of New York* (1 NY3d 201 [2003]), claimant counters that his attorney validly verified the claim pursuant to CPLR 3020 (d) (3), which permits an attorney to verify a claim if the client "is not in the county where the attorney has his office."

■ Court of Claims Act § 8-b (4) plainly states that "[t]he claim shall be verified by the claimant." The Law Revision Commission likewise emphasized that a claim "must be personally verified" (1984 Report of NY Law Rev Commn to Governor on Redress for Innocent Persons Unjustly Convicted and Subsequently Imprisoned, 1984 NY Legis Doc No. 65, reprinted in 1984 McKinney's Session Laws of NY, at 2929). "Because suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed" (*Lichtenstein v State of New York*, 93 NY2d 911, 913 [1999], quoting *Dreger v New York State Thruway Auth.*, 81 NY2d 721, 724 [1992]). It follows that claimant's failure to verify his claim in compliance with the statute mandates its dismissal.

Claimant's reliance on *Lepkowski* is misplaced. That case involved section 11 (b) of the Court of Claims Act, the general verification requirement that specifically incorporates CPLR procedures by providing that a claim "be verified in the same manner as a complaint in an action in the supreme court." We concluded that a defectively verified claim under section 11 (b) should be treated no differently than a defective verification in Supreme Court, and that CPLR 3022's remedy for an invalid verification is available (*see Lepkowski*, 1 NY3d at 210). In contrast, the verification requirement in Court of Claims Act § 8-b (4) is specific to claims for unjust conviction and imprisonment and makes no reference to the rules governing Supreme Court practice. Hence, CPLR 3020 (d) (3) and 3022 have no application to this case.

Accordingly, the order of the Appellate Division, insofar as appealed from, should be affirmed, with costs.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT and R.S. SMITH concur; Judge READ taking no part.

Order, insofar as appealed from, affirmed, with costs.