Jeanty v State of New York (2019 NY Slip Op 06333)





Jeanty v State of New York


2019 NY Slip Op 06333


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


699 CA 18-01718

[*1]VLADIMIR JEANTY, CLAIMANT-APPELLANT,
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 127665.) 






VLADIMIR JEANTY, CLAIMANT-APPELLANT PRO SE.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Court of Claims (Christopher J. McCarthy, J.), entered April 21, 2017. The order granted the motion of defendant to dismiss the claim and dismissed the claim. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Claimant commenced this action for wrongful conviction and imprisonment pursuant to Court of Claims Act § 8-b following the vacatur of a judgment convicting him of, inter alia, criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]) (hereinafter, judgment). The Court of Claims granted the motion of defendant, State of New York (State), to dismiss the claim pursuant to CPLR 3211 (a) (7), reasoning that the evidence submitted in support of the motion established that the judgment was vacated on grounds not eligible for relief under Court of Claims Act
§ 8-b. We affirm.
Preliminarily, we reject claimant's contention that the court erred in considering, inter alia, an affidavit from the Oneida County Court Judge who vacated the judgment, which the State submitted in support of its motion to dismiss the claim. It is well established that affidavits and other evidentiary materials are admissible to support a motion to dismiss pursuant to CPLR 3211 (a) (7) (see Liberty Affordable Hous., Inc. v Maple Ct. Apts., 125 AD3d 85, 88-91 [4th Dept 2015]), and it is equally well established that such affidavits and materials will warrant dismissal under that provision if they " establish conclusively that [the] plaintiff has no cause of action' " (id. at 89, quoting Rovello v Orofino Realty Co., 40 NY2d 633, 635 [1976]; see generally Warney v State of New York, 16 NY3d 428, 434-435 [2011]).
On the merits, we agree with the State that its evidentiary submissions in support of its motion, including the County Court Judge's affidavit, establish conclusively that claimant has no cause of action for wrongful conviction and imprisonment. "The Legislature enacted Court of Claims Act § 8-b in 1984 to allow innocent persons to recover damages from the [S]tate where they can prove by clear and convincing evidence that they were unjustly convicted and imprisoned" (Long v State of New York, 7 NY3d 269, 273 [2006]). To recover under Court of Claims Act § 8-b in the absence of an acquittal upon retrial, however, the criminal judgment must have been reversed or vacated on one or more statutorily enumerated grounds (see § 8-b [3] [b] [ii]; Long, 7 NY3d at 274). The only provisions of CPL 440.10 (1) that so qualify are paragraphs (a), (b), (c), (e), and (g) thereof (see § 8-b [3] [b] [ii] [A]). As a waiver of the State's sovereign immunity from suit, the "requirements of [section 8-b] are to be strictly construed" (Gioeli v State of New York, 39 AD3d 815, 816 [2d Dept 2007]; see Long, 7 NY3d at 276), and a wrongful conviction and imprisonment claim therefore cannot be maintained if the criminal judgment was vacated on a non-enumerated ground, such as CPL 440.10 (1) (f) or (h) (see [*2]Baba-Ali v State of New York, 19 NY3d 627, 633 n 5 [2012]).
Here, the County Court Judge averred that he vacated claimant's judgment pursuant to CPL 440.10 (1) (f) "and/or" CPL 440.10 (1) (h). More specifically, the County Court Judge determined that the People had committed a Rosario violation, which falls under CPL 440.10 (1) (f) (see People v Jackson, 78 NY2d 638, 645 [1991]), "and/or" a Brady violation, which falls under CPL 440.10 (1) (h) (see People v Baxley, 84 NY2d 208, 211-213 [1994], rearg dismissed 86 NY2d 886 [1995]). The transcript of the hearing at which the County Court Judge vacated the judgment fully corroborates his sworn account of his rationale for overturning claimant's conviction, and the transcript likewise supports the County Court Judge's averment that he effectively denied claimant's CPL article 440 motion to the extent predicated on any provision of CPL 440.10 (1) other than paragraphs (f) or (h). Thus, because paragraphs (f) and (h) of CPL 440.10 (1) "are not enumerated in Court of Claims Act § 8-b (3) (b) (ii), the [court] properly dismissed the claim" (Dickan v State of New York, 300 AD2d 257, 257 [1st Dept 2002]; see Leka v State of New York, 16 AD3d 557, 558 [2d Dept 2005], lv denied 5 NY3d 704 [2005]).
Contrary to claimant's contention, a Brady claim does not fall under CPL 440.10 (1) (g), which both authorizes the vacatur of a criminal judgment on grounds of newly discovered evidence and constitutes an enumerated ground for a wrongful conviction and imprisonment claim (see Leka, 16 AD3d at 557-558). Indeed, the Court of Appeals has explicitly emphasized the conceptual distinction between a Brady claim and a newly discovered evidence claim, and it has instructed reviewing courts to analyze Brady claims under CPL 440.10 (1) (h), not CPL 440.10 (1) (g) (see Baxley, 84 NY2d at 211-213). Thus, as the Court of Appeals explicitly held in Baba-Ali, a successful Brady claim cannot authorize a recovery under Court of Claims Act § 8-b (see Baba-Ali, 19 NY3d at 636).
It is possible, as claimant notes, that the facts underlying a successful Brady claim under CPL 440.10 (1) (h) could also give rise to a viable claim of newly discovered evidence under CPL 440.10 (1) (g). That, however, is irrelevant for purposes of Court of Claims Act § 8-b, which allows recovery only where the criminal court actually vacated the judgment on an enumerated ground, and not where the criminal court might have vacated the judgment on an enumerated ground, but did not do so (see Baba-Ali, 19 NY3d at 636-637). As the Court of Appeals held in Baba-Ali, the statute looks only to the actual basis for the vacatur of the underlying criminal judgment, not to the alternative potential grounds for vacatur (see id.). Thus, where, as here, the judgment is vacated only on a non-enumerated ground, i.e., CPL 440.10 (1) (f) or CPL 440.10 (1) (h), there is no need to consider whether vacatur would have been warranted on an enumerated ground, i.e., CPL 440.10 (1) (b) or CPL 440.10 (1) (g).
Contrary to claimant's further contention, the prosecutor's statement that he "consent[ed] to the relief requested by [claimant]" does not warrant denial of the State's motion pursuant to CPLR 3211 (a) (7). Court of Claims Act § 8-b authorizes recovery only when the criminal judgment "was reversed or vacated" on an enumerated ground
(§ 8-b [3] [b] [ii] [emphasis added]), and because only courts—not prosecutors—are empowered to vacate criminal judgments, the statute is necessarily concerned only with the court's rationale for vacatur. In any event, as the State points out, the prosecutor in this case "consent[ed]" only to the "relief" sought by claimant, i.e., the vacatur of the challenged judgment. The prosecutor's expression of consent does not elucidate the legal grounds that prompted him to consent to vacatur, and it therefore lends no support to claimant's assertion that the prosecutor joined in each ground asserted in the CPL article 440 motion.
Claimant's remaining contention is academic in light of our determination.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court