Ocwen Loan Servicing LLC v Siame (2020 NY Slip Op 03719)





Ocwen Loan Servicing LLC v Siame


2020 NY Slip Op 03719


Decided on July 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2020

Richter, J.P., Webber, Gesmer, Moulton, JJ.


11730 35934/14E

[*1] Ocwen Loan Servicing LLC, Plaintiff-Respondent,
v
Henry Siame also known as Henry N. Siame, Defendant-Appellant, Richard Streeter, et al., Defendants.


Michael Kennedy Karlson, New York, for appellant.
Fein, Such & Crane, LLP, Westbury (Andrew M. Grenell of counsel), for respondent.



Order and judgment (one paper), Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered January 4, 2019, which, inter alia, granted plaintiff lender's motion for a judgment of foreclosure and sale, unanimously affirmed, without costs.
While defendant Henry Siame's fourth affirmative defense asserted that lender failed to provide the notice of default and Real Property Actions and Procedure Law (RPAPL) 90-day notice, defendant did not assert that lender failed to demonstrate that it served him with either notice, thereby waiving these arguments by failing to raise them in his answer with the requisite specificity and particularity required by CPLR 3015(a) (see 1199 Hous. Corp. v International Fid. Ins. Co., 14 AD3d 383, 384 [1st Dept 2005]).
Lender's notice of default complied with paragraph 22 of the consolidated mortgage, and RPAPL 1304 does not preclude an attorney acting on behalf of a lender from sending RPAPL 1304 notices (see e.g. Flagstar Bank, FSB v Mendoza, 139 AD3d 898, 900 [2d Dept 2016]). Lender also established actual mailing of the RPAPL 1304 notice by submitting the affidavit of service attesting to service of the 90-day notice of default by first class mail and certified mail and by depositing same in postpaid properly addressed wrappers in an official depository of the US Postal Service (compare CitiMortgage, Inc. v Moran, 167 AD3d 461 [1st Dept 2018]).
The attachment of the subject note to the verified complaint was sufficient to establish that lender had physical possession of the note prior to commencement of this action (see Bank of N.Y. Mellon v Knowles, 151 AD3d 596, 597 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2020
CLERK