Kamara Supplies v GEICO Gen. Ins. Co. (2021 NY Slip Op 01848)





Kamara Supplies v GEICO Gen. Ins. Co.


2021 NY Slip Op 01848


Decided on March 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

Before: Renwick, J.P., Mazzarelli, Singh, González, JJ. 


Index No. 046966/11 Appeal No. 13429 Case No. 2020-03401 

[*1]Kamara Supplies, as Assignee of Lisa Sanchez, Plaintiff-Appellant,
v
GEICO General Ins. Co., Defendant-Respondent.


Gary Tsirelman, P.C., Brooklyn (Stefan Belinfanti of counsel), for appellant.
Law Office of Goldstein, Flecker & Hopkins, Melville (Lauren Hirschfeld of counsel), for respondent.



Order, Appellate Term, First Department, entered on or about April 13, 2020, which affirmed an order of the Civil Court, New York County (Judy H. Kim, J.), entered April 18, 2019, granting defendant's motion to vacate, in effect, so much of a judgment, same court (Carol R. Sharpe, J.), entered May 25, 2018, as awarded plaintiff attorneys' fees pursuant to Insurance Department Regulations (11 NYCRR) § 65-4.6(c) (former 11 NYCRR 65-4.6[d]), unanimously reversed, on the law, with costs, and the matter remanded for further proceedings and an amended judgment in accordance herewith.
The issue before us in this action to recover first-party No-Fault insurance benefits is whether the failure of an eligible injured person (EIP) to attend an independent medical examination (IME) is a "policy issue" for the purpose of the no-fault insurance law denial of claim (NYS NF-10) form, as prescribed by 11 NYCRR app 13, and an award of hourly attorneys' fees, as provided by 11 NYCRR 65-4.6(c). We conclude that an EIP's failure to attend an IME is a "policy issue" and therefore that plaintiff may be awarded attorneys' fees pursuant to 11 NYCRR 65-4.6(c). However, we remand the matter to Civil Court for further proceedings, as explained below.
"Eligible Injured Person" is defined in the Mandatory Personal Injury Protection Endorsement (MPIPE) that must be contained in every motor vehicle owner's policy of liability insurance (11 NYCRR 65-1.1[d]). The MPIPE also sets forth certain conditions of and exclusions from coverage. For example, under the subheading "Proof of Claim. Medical, Work Loss, and Other Necessary Expenses" (subpar d), the MPIPE says, "The [EIP] shall submit to medical examination by physicians selected by, or acceptable to, the Company, when, and as often as, the Company may reasonably require."
The NYS NF-10 form lists eight "policy issue" reasons for denial of claim: "Policy not in force on date of accident" (box 3); "Injured person excluded under policy conditions or exclusion" (box 4); "Policy conditions violated" (box 5[a] and [b]), referring to late notices of claim; "Injured person not an 'Eligible Injured Person'" (box 6); "Injuries did not arise out of use or operation of a motor vehicle" (box 7); and "Claim not within the scope of your election under Optional Basic Economic Loss coverage" (box 8).
We find that "policy conditions or exclusion" under which the injured person is excluded from coverage in the "policy issue" reason in box 4 of the NYS NF-10 form refers to the conditions and exclusions of the MPIPE (11 NYCRR 65-1.1[d]), which include, as noted above, that an EIP must submit to IMEs as required by the insurer. We therefore conclude that an IME no-show defense is a box 4 reason for denial. An EIP who does not attend an IME fails to satisfy a condition precedent to coverage under the policy, voiding the policy ab initio (PV Holding Corp. v Hank Ross Med., P.C., 188 AD3d 429, 430 [1st Dept 2020]). Thus, an insurer who denies a claim [*2]for first-party No-Fault benefits on the basis of the injured person's failure to attend an IME properly does so by checking box 4 on the denial of claim form, and therefore an injured person's failure to attend an IME is a "policy issue" both according to the denial of claim form and for purposes of awarding attorneys' fees under 11 NYCRR 65-4.6(c). We are unpersuaded by the reasoning of other courts that have reached the contrary conclusion. We also note that it is unclear to what the terms "policy conditions or exclusion" as used in box 4 of the denial of claim form refer, if not to the policy conditions and exclusions listed in the MPIPE.
Moreover, statutes and regulations must be interpreted in a manner that does not render them meaningless, unreasonable, or absurd (see McKinney's Cons Laws of NY, Book 1, Statutes § 145; Long v State of New York, 7 NY3d 269, 273 [2006]). For this reason, we also reject the overly restrictive reading of 11 NYCRR 65-4.6(c) urged by defendant, which would interpret "a policy issue as enumerated on the prescribed denial of claim form" (id.) as referring only to those specific justifications delineated on the form, and only as they are delineated on the form. That interpretation would both render some of the reasons on the denial of claim form meaningless and require the Department of Financial Services effectively to reproduce the MPIPE on the form to capture all the possible reasons for which a No-Fault benefits claim may be denied.
Although we conclude, for the foregoing reasons, that plaintiff may be awarded attorneys' fees in this case under 11 NYCRR 65-4.6(c), it is entirely unclear from the record whether the amount that was awarded was calculated correctly. There is no documentation supporting plaintiff's claim for attorneys' fees, the parties' calculations as to the amount of attorneys' fees owed and due differ irreconcilably, and it is uncertain whether the unpaid amount of the judgment was, in fact, unpaid attorneys' fees in the first place. Accordingly, upon remittal, Civil Court should ascertain the amount of attorneys' fees owed to plaintiff under 11 NYCRR 65-4.6(c) and whether any amount either thereof or of the judgment as a whole remains outstanding, crediting defendant for the payments that it has already made. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2021