Ortiz v State of New York (2022 NY Slip Op 01948)





Ortiz v State of New York


2022 NY Slip Op 01948


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND WINSLOW, JJ.


1176 CA 21-00647

[*1]JOSUE ORTIZ, CLAIMANT-APPELLANT,
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 126292.) (APPEAL NO. 3.) 






MAGAVERN MAGAVERN GRIMM LLP, BUFFALO (EDWARD J. MARKARIAN OF COUNSEL), FOR CLAIMANT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (DUSTIN J. BROCKNER OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Court of Claims (Michael E. Hudson, J.), entered March 31, 2021. The order granted the motion of defendant for summary judgment and dismissed the claim. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Claimant commenced this action for wrongful conviction and imprisonment pursuant to Court of Claims Act § 8-b following the vacatur of a judgment convicting him, upon his plea of guilty, of two counts of manslaughter in the first degree (Penal Law
§ 125.20 [1]) (judgment). In appeal No. 1, the Court of Claims denied without prejudice the motion of defendant, State of New York (State), for summary judgment dismissing the claim on the ground that a Court of Claims Act § 8-b claim cannot succeed where there is a conviction by guilty plea. In appeal No. 2, the court issued a corrected order that was substantially the same as the order in appeal No. 1. In appeal No. 3, however, the court granted the State's second motion for summary judgment dismissing the claim, reasoning that the evidence submitted in support of the motion established that the judgment was vacated on grounds not eligible for relief under Court of Claims Act
§ 8-b.
We note at the outset that the appeals from the orders in appeal Nos. 1 and 2 must be dismissed inasmuch as claimant is not aggrieved by those orders because he was the successful opponent of defendant's first motion (see CPLR 5511; Sodhi v 112 Park Enters., LLC, 147 AD3d 1000, 1001 [2d Dept 2017]).
In appeal No. 3, we conclude that the State's submissions in support of the second motion establish as a matter of law that claimant has no cause of action for wrongful conviction and imprisonment and that, therefore, the court properly granted its second motion. "The [l]egislature enacted Court of Claims Act § 8-b in 1984 to allow innocent persons to recover damages from the [S]tate where they can prove by clear and convincing evidence that they were unjustly convicted and imprisoned" (Long v State of New York, 7 NY3d 269, 273 [2006]). To recover under Court of Claims Act § 8-b in the absence of an acquittal upon retrial, however, the criminal judgment must have been reversed or vacated on one or more statutorily enumerated grounds (see § 8-b [3] [b] [ii]; Long, 7 NY3d at 274). The only provisions of CPL 440.10 (1) that so qualify are paragraphs (a), (b), (c), (e), and (g) thereof (see Court of Claims Act § 8-b [3] [b] [ii] [A]). As a waiver of the State's sovereign immunity from suit, the "requirements of [section 8-b] are to be strictly construed" (Gioeli v State of New York, 39 AD3d 815, 816 [2d [*2]Dept 2007]; see Long, 7 NY3d at 276), and a wrongful conviction and imprisonment claim therefore cannot be maintained if the criminal judgment was vacated on a non-enumerated ground (see Jeanty v State of New York, 175 AD3d 1073, 1074 [4th Dept 2019], lv denied 34 NY3d 912 [2020]; see also Baba-Ali v State of New York, 19 NY3d 627, 633 n 5 [2012]).
Here, claimant contends that the judgment was vacated pursuant to paragraph (g-1) and that paragraph (g-1) is part of paragraph (g) and should therefore be treated as an enumerated ground for relief under Court of Claims Act § 8-b. Even assuming, arguendo, that the judgment was vacated pursuant to that paragraph, we reject claimant's contention that paragraph (g-1) is an enumerated ground for relief. Prior to 2012, a motion to set aside a judgment on the basis of DNA evidence was considered under paragraph (g), but such a motion could not be made where the conviction was obtained by a guilty plea (see People v Tiger, 32 NY3d 91, 99 [2018]). In 2012, the legislature amended CPL 440.10 (1) "by adding a new paragraph (g-1)" (L 2012, ch 19, § 4) relating to "[f]orensic DNA testing of evidence performed since the entry of a judgment" (CPL 440.10 [1] [g-1]). At the time paragraph (g-1) was added, various other statutes were amended
(L 2012, ch 19). Had the legislature intended paragraph (g-1) to be included as an enumerated ground for a Court of Claims Act § 8-b claim, it is reasonable to expect that it would have amended section 8-b to so state (see generally People v Page, 35 NY3d 199, 207-208 [2020], cert denied — US &mdash, 141 S Ct 601 [2020]). The legislature did not make such an amendment, and we therefore read paragraph (g-1) as a separate ground for relief—i.e., one not encompassed in CPL 440.10 (1) (g). Thus, because CPL 440.10 (1) (g-1) is not among the enumerated grounds for relief under Court of Claims Act § 8-b, the court properly granted defendant's motion for summary judgment dismissing the wrongful conviction claim (see Jeanty, 175 AD3d at 1074).
We have reviewed claimant's remaining contention and conclude that it lacks merit.
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court