Davis v State of New York (2024 NY Slip Op 50978(U))

[*1]

Davis v State of New York

2024 NY Slip Op 50978(U)

Decided on July 19, 2024

Court Of Claims 

Mejias-Glover, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 19, 2024
Court of Claims

Larry Davis, Claimant,

against
The State of New York, Defendant.

Claim No. 137382

FOR CLAIMANT:
Larry Davis, Pro Se
FOR DEFENDANT: 
Letitia James, Attorney General
By: Ray A. Kyles, Esq., AAG

Linda K. Mejias-Glover, J.

Defendant, the State of New York, moves by Notice of Motion dated October 13, 2022, pursuant to CPLR §§3211(a) (2), (7), and (8), and Court of Claims Act §§10(3-b), seeking and order dismissing the claim received on January 25, 2022, due to lack of subject matter jurisdiction as the claim was served untimely. The Court provided Claimant numerous extensions to serve and file opposition to Defendant's motion by letters dated December 5, 2022, January 9, 2023, March 1, 2023, April 20, 2023, June 22, 2023, September 6, 2023, February 23, 2024, and March 20, 2024. Despite these numerous extensions, Claimant did not serve/file opposition and the motion was submitted without opposition accordingly. 
Now, having carefully reviewed the papers and exhibits filed, Defendant's motion is granted for the reasons more specifically set forth hereinbelow.
Relevant Factual Background
A Notice of Intention to file a Claim (hereinafter, "NI") was sent by certified mail, return receipt requested and was received by the Office of the Attorney General (hereinafter, "OAG") on January 7, 2022, alleging assault and battery and/or excessive force by staff at Auburn Correctional Facility (hereinafter "Auburn") on October 6, 2021. Thereafter, a claim was sent by certified mail, return receipt requested and was received by the OAG on January 25, 2022, alleging assault and battery, and/or excessive force committed by employees at Auburn on [*2]October 6, 2021(hereinafter the "Claim"). On March 2, 2022, the OAG served Claimant with a copy of its Verified Answer, asserting 11 affirmative defenses. Specifically, in its eighth and ninth affirmative defenses, Defendant asserted that the NI is defective because it was not served in a timely manner as required by Court of Claims Act § 10(3).
Defendant's counsel argues the NI is defective, as it is untimely in that it was served beyond the 90-day statutory period and did not extend the time for filing and serving a claim pursuant to § 10(3) of the Court of Claims Act. Therefore, Defendant argues the claim is untimely and should be dismissed.
Decision and Order
Court of Claims Act §§ 10 (3-b) and 11(a) (i), provides that an intentional tort claim, such as assault and battery, must be filed and a copy served upon the Attorney General personally or by certified mail, return receipt requested, within ninety (90) days of accrual of the claim, unless the Claimant shall within the same ninety (90) day period serve upon the OAG a notice of intention to file a claim. The law is settled that "[a]nything less than strict compliance with New York's statutory requirements will result in the court dismissing [the] claim" (see Kolnacki v. State of NY, 8 NY3d 277 [2007], citing Long v State of New York, 7 NY3d 269, 276 [2006] [dismissing claimant's action for failure to comply with verification requirements of Court of Claims Act § 8-b(4)]).
Court of Claims Act § 10(3-b) requires that a claim to recover damages for assault and battery, and for wrongful confinement "shall be filed" and served upon the OAG within 90 days of the accrual of the cause of action, unless a notice of intention is served within that time, in which event the claim shall be filed and served upon the attorney general within one year after the accrual of such claim. Here, the Claim for assault and battery and excessive force accrued on October 6, 2021, and the NI was received by the OAG on January 7, 2022 — two days beyond the 90-day statutory period. As the NI was served late, it did not serve to extend the time to file the Claim.
Accordingly, it is hereby
ORDERED, that Defendant's motion (M-98659) is GRANTED and Claim No. 137382 is therefore dismissed.
Dated: July 19, 2024
Hauppauge, New York
HON. LINDA K. MEJIAS-GLOVER,
Judge of the Court of Claims
Papers Read on this Motion:
1. Notice of Motion to Dismiss, Affirmation of Ray A. Kyles, AAG in Support of Defendant's Motion to Dismiss, Exhibits Annexed