United Asset Mgt., LLC v Caracci (2025 NY Slip Op 51522(U))

[*1]

United Asset Mgt., LLC v Caracci

2025 NY Slip Op 51522(U)

Decided on September 25, 2025

Supreme Court, Monroe County

Schiano, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 25, 2025
Supreme Court, Monroe County

United Asset Management, LLC, Plaintiff

against
Tina Marie Caracci A/K/A Tina Caracci, R. Shawn Tambe A/K/A Richard Tambe, Allstate Roofing & More, LLC, Mariner Finance, LLC; "John Doe" and "Jane Doe" inclusive the names of the last name, Defendants being fictitious, real names unknown to the parties intended being persons or corporations having an interest in, or tenants or persons in possession of, portions of the mortgage premises described in the Complaint, Defendants.

Index No. E2024013025

For the Plaintiff:
Mark Golab, Esq.
Golab Law, PLLC
100 Fisher Avenue, P.O. Box 118
White Plains, New York 10602
For the Defendant Tina Marie Caracci:
Donald J. Neidhardt, Esq.
2712 Grand Avenue
Bellmore, NY 11710

Charles A. Schiano, Jr., J.

This is a foreclosure action seeking to foreclose a mortgage on the alleged default of the borrowers, defendants Tina Marie Caracci and R. Shawn Tambe, on March 1, 2024. Plaintiff commenced this action with a Summons and Complaint filed on August 1, 2024. Tina Marie Caracci ("defendant") filed a Verified Answer on August 14, 2024 (NYSCEF No. 12). Plaintiff [*2]filed a motion on February 5, 2025 seeking an order: (1) granting summary judgment; (2) awarding judgment against remaining defaulting defendants; (3) appointing a Referee to compute the sum due and owing to plaintiff; (4) and amending the caption. Defendant filed a cross-motion for an order of summary judgment, or, in the alternative, seeking a hearing concerning plaintiff's alleged bad faith in negotiating defendants' attempts to reinstate the mortgage, and for excessive attorney's fees.[FN1]
Both motions were denied by Decision and Order of the Court dated June 13, 2025. Plaintiff now brings a second summary judgment motion, by Notice of Motion filed August 6, 2025 (NYSCEF Doc #54, Motion sequence #3), seeking the same relief as the first summary judgment motion, and relying on evidence previously submitted to NYSCEF, as well as and a new affidavit of evidence of default (NYSCEF Doc #59). Defendant filed an Affirmation in Opposition on September 11, 2025 (NYSCEF Doc # 62) and plaintiff filed a Reply Affirmation in Further Support of Motion for Summary Judgment on September 17, 2025 (NYSCEF Doc #63).
Defendant does not specifically object to a second summary judgment motion, but rather argues that plaintiff having already made one summary judgment motion, the present motion should have been made pursuant to CPLR 2221 as motion to renew or reargue. Defendant then presents several arguments as to why plaintiff lacks grounds for a motion under CPLR 2221. "Although multiple summary judgment motions in the same action should be discouraged in the absence of a showing of newly discovered evidence or other sufficient cause, a subsequent summary judgment motion may be properly entertained when it is substantively valid and when the granting of the motion will further the ends of justice while eliminating an unnecessary burden on the�resources of the courts (Valley Natl. Bank v. INI Holding, LLC, 95 AD3d 1108, 1108 [2d Dept 2012]). Such is the case here.
" 'It is well settled that a plaintiff moving for summary judgment in a mortgage foreclosure action establishes its prima facie case by submitting a copy of the mortgage, the unpaid note and evidence of default' " (The Bank of NY Mellon v Simmons, 169 AD3d 1446, 1446 [4th Dept 2019][citing Bank of NY Mellon v Anderson, 151 AD3d 1926, 1927 [4th Dept 2017]). Here, plaintiff has met this initial burden by submitting a copy of the mortgage (NYSCEF Doc #3), the unpaid note and loan adjustment agreement (NYSCEF Doc # 2, 4) and evidence of default (NYSCEF Doc #59) demonstrating defendant defaulted on the note and loan adjustment agreement by failing to make the loan payment due on March 1, 2024.
"A proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures" (Citibank, N.A. v Cabrera, 130 AD3d 861, 861 [2d Dept 2015];see generally CPLR 4518 [a]). The June 13, 2025, decision found that plaintiff failed to provide sufficient evidence of defendant's default because the averments of plaintiff's Vice President, Don Kim, to the contents of purported business records attached to his affidavit were hearsay and inadmissible as Mr. Kim did not aver to familiarity with the record keeping of the companies identified on the attached business [*3]records.
In the present motion, Mr. Kim avers he is personally familiar with plaintiff's electronic record-keeping practices and procedures. Mr. Kim's averment of defendant's default references those electronic records maintained by United Asset Management and references business records generated from the electronic system showing the missed payment and default and loan history (NYSCEF Doc #59, Exhibit A). These records, unlike those submitted with the previous motion, clearly indicate that they are records of plaintiff, and because Mr. Kim avers personal knowledge of these records, they are not hearsay. This is sufficient to establish prima facie evidence of default.
Defendant argues in response that the attachments to the Kim affidavit are not business records of default prior to the Complaint, but correspondence during litigation and are not admissible under CPLR 4518 (NYSCEF Doc #62, Affirmation in Opposition, ¶ 7[C]).
Defendant's argument is not persuasive in this context. "The court may consider the method or manner by which the electronic record was stored, maintained or retrieved in determining whether the exhibit is a true and accurate representation of such electronic record" (9 New York Civil Practice: CPLR § 4518[a]). The records as presented here are contemporaneous images of the electronic records produced at or near the time of Mr. Kim's affidavit and the Court is satisfied by Mr. Kim's affidavit that they are a true and accurate representation of plaintiff's electronic records indicating a default in payment.
Defendant also asserts in her response, supporting her 25th affirmative defense, failure to comply with the notice requirements of Real Property and Actions Law ("RPAPL") §1304, a condition precedent to bringing this action. Defendant alleges that plaintiff failed to include a list of at least 5 housing counseling agencies ("agencies") that serve Monroe County as required by the statute.
RPAPL §1304 (1) provides that "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower" (RPAPL §1304[1]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20 [2d 2019]). Plaintiff must establish compliance with this condition (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106,[2011]).
At issue here is language in the statute that
The notices required by this section shall contain a current list of at least five housing counseling agencies serving the county where the property is located from the most recent listing available from [the] department of financial services. The list shall include the counseling agencies' last known addresses and telephone numbers. The department of financial services shall make available on its websites a listing, by county, of such agencies. The lender, assignee or mortgage loan servicer shall use such lists to meet the requirements of this section.
RPAPL 1304(2).
Previously, the Court noted that Plaintiff's 1304 notice attached to its motion papers listed only four agencies as located in Monroe County and found, relying on US Bank N.A. v Gordon, 202 AD3d 872, 874 [2d Dept 2022], that because the list contained four, and not five, agencies [*4]located in Monroe County, plaintiff failed to show prima facie compliance with the statute. The Court now examines this question again upon plaintiff's motion and careful consideration of the structure of the statute and plaintiff's submission and argument. 
The Court finds that plaintiff's RPAPL § 1304 notice was sufficient as to the number of agencies. While it remains that the listing provided by plaintiff in its notice contained only four agencies located in Monroe County, here it is sufficient to show prima facie that plaintiff complied with the statute. 
The statute requires that the New York State Department of Financial Services "shall make available on its website a listing, by county of such agencies" (RPAPL § 1304[2]). Further, the statute provides that "[t][he the lender, assignee or mortgage loan servicer shall use such lists to meet the requirements of this section" (RPAPL § 1304[2][emphasis supplied]). It is not disputed that plaintiff provide the complete and most recent listing in its RPAPL § 1304 notice. 
Defendant argues the statute requires the address and phone number of at least five agencies be provided under all circumstances. This is incorrect. The key statutory language being:
The notices required by this section shall contain a current list of at least five housing counseling agencies serving the county where the property is located from the most recent listing available from [the] department of financial services.
RPAPL § 1304(2)(emphasis supplied). The department provided list, however, does not contain five housing counseling agencies located in Monroe County, but only four such agencies. Accordingly, it was impossible for plaintiff here to comply with the five agency provision of the statute under defendant's interpretation. That is, plaintiff could not have used the list to provide five agencies in its notice because the list had only four.[FN2]
Plaintiff could do no more than provide the entire listing, which it did. Plaintiff did not here fail to follow the statutory requirement because the list did not contain five agencies serving Monroe County. Thus plaintiff did not fail to include at least five agencies from the most recent listing available from [the] department of financial services.
Plaintiff should not be faulted where the listing, that the statute mandates that plaintiff "shall" use, does not contain five housing agencies serving a given county. "Although statutes will ordinarily be accorded their plain meaning, it is well settled that courts should construe them to avoid objectionable, unreasonable or absurd consequences" (Long v State of New York, 7 NY3d 269, 273, 852 NE2d 1150, 819 NYS2d 679 [2006] [internal quotation marks and citations omitted])Jones v State of New York, 167 AD3d 1365, 1366]). 
In this case, if the court were to interpret this statute in the way defendant urges, then no plaintiff would have standing to commence a residential foreclosure in Monroe County because [*5]the listing does not contain five housing counseling agencies that serve Monroe County. It could not have been the intent of the legislature to so prohibit otherwise valid causes of action dependant upon whether at least five non-profit entities determined to create a housing counseling agency in a given county and whether the NYS Department of Finance was aware of and recorded the existence of all five in its list.
This result is not contrary to the holding in US Bank N.A. v Gordon, 202 AD3d 872, and in fact this case illustrates the point being made. In that case, the plaintiffs provided a list of only four housing counseling agencies for Queens County when in fact there were actually seven agencies. The listing provided by plaintiff shows that there were seven housing agencies for Queens County, the location of the property in question in US Bank N.A. v Gordon (202 AD3d 872, 873) and therefore, that plaintiff did in fact fail to include at least five agencies from the list where there were seven agencies listed for Queens County.
Defendant also argues that plaintiff made no offer of personal knowledge of the mailing of the Notice of Default or 90 Day Notice pursuant to RPAPL 1304. This argument is unavailing. Plaintiff's counsel avers that he personally sent the RPAPL § 1304 notice to defendants in accordance with the requirements of the statute (Ocwen Loan Servicing LLC v Siame, 185 AD3d 408, 409 [1st Dept 2020]["RPAPL 1304 does not preclude an attorney acting on behalf of a lender from sending RPAPL 1304 notices"]).
As noted above, a plaintiff moving for summary judgment to foreclose a mortgage establishes its case as a matter of law through the production of the mortgage, the unpaid note, and evidence of default. When a plaintiff does so, as is the case here, it is incumbent upon the defendant to assert any defenses which could properly raise a viable question of fact as to his default. The Court finds that Plaintiff's filings in this case establish a prima facie case for foreclosure. While Defendant presented arguments in opposition, the Court finds they do not overcome plaintiff's prima facie case for summary judgment, and do not present any disputed issues of material fact that require resolution through a trial. As to defendant's remaining affirmative defenses, the failure to raise and support pleaded affirmative defenses in opposition to a motion for summary judgment renders them abandoned and the remaining affirmative defenses are dismissed (New York Commercial Bank v J. Realty F Rockaway, Ltd., 108 AD3d 756, 756-757 [2d Dept 2013]["The Supreme Court should not have, sua sponte, concluded that a triable issue�of fact existed as to whether the plaintiff had complied with RPAPL 1301(3), since the defendants never raised that affirmative defense in their opposition papers and, thus, by their failure to do so, waived it"]).
The Court also grants judgment against any defaulting defendants.
Plaintiff has submitted an order to the Court, which the Court will sign contemporaneous with this Decision. 
Dated: September 25, 2025.
Rochester, New York
HONORABLE CHARLES A. SCHIANO, JR.
Supreme Court Justice

Footnotes

Footnote 1:As of August 22, 2025, defendant is seeking $15,253.03 in legal fees related to this action. This amount appears to be far in excess of the typical fees awarded in a residential home foreclosure proceeding in Monroe County. As noted in previous summary judgment motion, an award of attorney fees is not yet before the Court.

Footnote 2:Certain housing agencies located in Monroe County also serve other counties. For instance Consumer Credit Counseling Services of Rochester, Inc., located at 1000 University Avenue, suite 900, Rochester (Monroe County), New York, also serves Genesee, Orleans and Ontario counties, and such is noted on the list provided by the department and found in the listing provided to plaintiff. Thus, where an agency located in one county serves additional counties, such is noted on the listing. There are no agencies, located outside Monroe County, that serve Monroe County found on the list.